3. If a witness in testifying at different times and in different trials of the same case contradict himself upon immaterial matters alone, it is of no consequence; but if some of the matters be material and others immaterial, the jury should not be instructed that they are not authorized to consider those which are immaterial, though it would be correct to instruct them that for these alone the witness could not be discredited.

4. On the trial of a criminal case, it is error for the court to instruct the jury to give the evidence for the State just such weight and credit as they give the testimony for the defense, and to give it all such weight and credit as they think it entitled to. The latter proposition would be correct if it stood alone; but the whole is vitiated by the direction to give as much weight and credit to the State's evidence as to that in behalf of the accused. The jury, and not the judge, must determine the relative weight and credibility of the evidence.

5. Other than as indicated in the preceding notes, no error prejudicial to the accused appears in any of the grounds of the motion for a new trial, though there were some slight errors made in his favor.        *Judgment reversed.*

October 15, 1894.

Indictment for murder. Before Judge SMITH. Dodge superior court. March term, 1894.

J. W. WALTERS, D. M. ROBERTS and E. A. SMITH, for plaintiff in error. TOM EASON, solicitor-general, by HARRISON & PEEPLES, *contra*.

---

HUFFMAN *v.* THE STATE.

| 95  469 |
| 104  749 |

BLECKLEY, C. J.—1. An indictment under the code, §4577(a), for interrupting or disturbing a school, describes sufficiently the mode of interruption or disturbance, which charges that the offense was committed " by cursing and quarreling and fighting and discharging a loaded pistol, and by boisterous conduct and by otherwise indecently acting "; and under such indictment, evidence is admissible which tends to establish the charge.

2. It is not cause for reversing the denial of a continuance that the movant made a legal showing as to the absence of one witness, it appearing by the same showing, on cross-examination, that another witness was present by whom he could prove the facts to which the absent witness was expected to testify, and it not appearing that the discretion of the court was abused.

3. Although putting one out of a house in which the exercises of a school are being conducted, for misbehavior, is not an arrest, yet where the misbehavior amounted to a penal offense, it was a verbal inaccuracy rather than a substantial error for the court to denominate the expulsion as an arrest and instruct the jury that a private person is legally empowered to arrest any one committing an offense in his presence.        *Judgment affirmed.*

October 8, 1894.

Indictment for misdemeanor.    Before Judge BROWN. City court of Carroll county.    August 10, 1894.

ADAMSON & JACKSON, for plaintiff in error.

T. A. ATKINSON, solicitor-general, and W. D. HAMRICK, by H. M. REID, *contra.*

---

WALLACE *v.* THE STATE.

LUMPKIN, J.—1. Although the accused was indicted for assault with intent to murder, yet where the solicitor-general announced he would only ask a conviction for the offense of stabbing, which was a misdemeanor, and the trial judge stated he would instruct the jury there could be no conviction for the felony, and afterwards did so, there was no error in refusing to allow counsel for the accused two hours for argument, nor in limiting his argument to thirty minutes under the rule applicable in misdemeanor cases. See New Rules Superior Court, No. 6.    The cases of *Hunt* v. *The State,* 49 *Ga.* 255, and *Williams* v. *The State,* 60 *Ga.* 367, were decided before the rule in question was adopted.
2. The evidence was sufficient to warrant the jury in finding that the defendant was guilty of culpable negligence in using the knife; the charges of the court complained of were legal and pertinent, and were authorized by the evidence; the assignments of error as to the admission of evidence, not stating what were the grounds of objection, cannot be considered; and there was no error in refusing to grant a new trial.        *Judgment affirmed.*

October 8, 1894.

Indictment for assault to murder.    Before Judge GRIGGS.    Bibb superior court.    April term, 1894.

Wallace was found guilty of stabbing, and his motion for a new trial was overruled.  The defense relied solely on the code, §4302.  The testimony showed, that about