### 5192. BRITT *v.* THE STATE.

A motion for a continuance because of the absence of a witness for the defendant in a criminal case should not be overruled though there be other witnesses who will testify to the same effect as would the absent witness, when it is uncontradicted that his testimony is not only material but vitally important to the disproof of the .defendant's guilt, and it is made to appear that all due diligence has been used to procure the presence of the witness, and that he is accessible to the processes of the court.

DECIDED OCTOBER 29, 1913.

Indictment for larceny; from Liberty superior court—Judge Sheppard. July 26, 1913.

*Ben. A. Way, Thomas & Gibbs*, for plaintiff in error.

*N. J. Norman, solicitor-general*, contra.

RUSSELL, J. The evidence as to the identity of the hog alleged to have been stolen is in conflict, but the jury refused to accept the plea as to the mistaken identity of his hogship. We can not say that the jury erred as to this, though it does not appear from the record that they, any more than we, saw the hog; this for the reason that the jury must judge as to the credibility of the witnesses, and the law will not permit us to do so. However, the case turned on whether the hog which the accused was charged with stealing was or was not Gabe Quarterman's hog, and, in view of the seriousness of the offense, we think the court should have postponed the trial of the case, so as to have enabled the defendant to produce witnesses as to his ownership, whose testimony was material to his defense. It is uncontradicted that subpœnas had been taken out for the witnesses several days before the trial and delivered to the deputy sheriff, whose duty it was to serve them. The defendant showed due diligence in endeavoring to procure the testimony, and his showing rebutted any conclusion that the postponement was sought merely for delay. It is true that the defendant had other witnesses who testified substantially to the same facts that he de-

sired to prove by the absent witnesses, but, as we have several times held, the mere fact that the defendant has present a witness who will testify in substance the same thing as would a witness who is absent does not deprive the defendant of the right to have the absent witness present, if it plainly appears that he is accessible and that the court can procure his attendance. The question is largely controlled by the materiality of the testimony of the absent witness. Continuances are always addressed to the sound legal discretion of the court. If the fact which it is sought to prove by the absent witness is only collaterally involved, the discretion of the court in overruling the motion is broader than where the testimony proposed to be elicited from the absent witness goes to the very vitals of the case. In such a case the testimony of five witnesses who are present and who would testify to the same effect as the absent witness might not be a substitute for the sworn evidence of the single absent witness. The witnesses present might not be credible; they might even be subject to be impeached by proof of general bad character, while the witness who was absent might be one whose statement would be accepted without question by a jury. Again, though the witnesses present could not be impeached in any of the modes specifically prescribed by law for that purpose, they might be discredited by their interest; while the fact that the absent witness was wholly disinterested would go to his credit.

In the present case the defendant's main witness among those who were present was his father, and in the conflict between the testimony of this witness and those who testified for the State the jury would naturally minimize the testimony of the witness, by reason of this relationship.

There is no merit in the other assignments of error, and solely upon the ground that the defendant had shown such diligence as entitled him to the presence of the witness he had subpœnaed, to establish a point vital to his defense, the case should have been continued. 　　　　　　　　　　　　　　　　*Judgment reversed.*