21428.   CULPEPPER *v.* THE STATE.

DECIDED DECEMBER 15, 1931.

*R. A. McGraw,* for plaintiff in error.

*J. F. Hatchett, solicitor,* contra.

BROYLES, C. J. ■ "A plea of former jeopardy can not be predicated on the fact that the defendant has previously been put on trial under a void accusation. Such an accusation being an absolute nullity, the defendant could not waive the defect therein and consent that the trial proceed." *Renfroe* v. *State,* 10 *Ga. App.* 38(1).

■ Ed C. Culpepper was tried for a criminal offense (operating an automobile upon a public highway at a rate of speed greater than forty miles per hour), on an accusation based upon an affidavit of Albert Magruder. The accusation was backed "State *v.* Ed C. Culpepper," but in the body of the accusation it was charged that the offense was committed by "Ed C. Magruder." There is a clear inference from the record that the person who prepared the accusation inadvertently wrote therein the surname of the prosecutor, Albert Magruder, instead of the surname of the defendant. The mistake was not discovered until after the defendant had filed his plea of not guilty and all the evidence had been introduced. Thereupon, and over the objections of the defendant, the court allowed the State to enter upon the accusation a nolle prosequi. Subsequently the defendant was tried on a new accusation (in which his name was correctly stated) charging the same offense and involving the same transaction charged in the first accusation. Thereupon the defendant, before pleading to the new accusation, filed a special plea of former jeopardy and acquittal. The State demurred to the special plea, on the ground that it "fails to set out sufficient facts to show that he [the defendant] has ever been placed in jeopardy under said charge and accusation." The court sustained the demurrer and struck the plea, and the defendant excepted. The question involved was certified by this court to the Supreme Court, and that court held that the first accusation was null and void as to the defendant. See the decision of the Supreme Court in this case rendered November 13, 1931 (173 *Ga.* 799). The special plea, before it was stricken, was amended by setting out that the defendant had previously been acquitted on a trial under another accusation, which charged that he, while under the influ-

ence of intoxicating liquors and drugs, had operated an automobile on a public highway; and that this accusation and the new accusation (charging the defendant with operating an automobile on a public highway at a speed greater than forty miles an hour) were based on the same transaction. This amendment was irrelevant and immaterial, and the special plea as amended was properly stricken.

■ It does not appear that the judge abused his discretion in overruling the defendant's motion for a continuance, based upon the absence of one material witness, it being disclosed that two other witnesses were present by whom he could prove the same facts to which the absent witness was expected to testify. *Huffman* v. *State,* 95 *Ga.* 469(2). If there be any conflict between this decision and those in *Hobbs* v. *State,* 8 *Ga. App.* 53(2), and *Britt* v. *State,* 13 *Ga. App.* 698 (cited in the brief of counsel for the plaintiff in error), this court is obligated to follow the ruling of the Supreme Court in the *Huffman* case.

■ The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*