## GRADY LEE McHUGH v. STATE OF FLORIDA

36 So. (2nd) 786
July 23, 1948
Rehearing denied September 27, 1948

June Term, 1948
En Banc

*Cushman & Woodard,* for appellant.

*J. Tom Watson,* Attorney General, and *Ernest W. Welch,* Assistant Attorney General, for appellee.

ADAMS, J.:

This appeal presents a question of former jeopardy.

Appellant drove an automobile into a motor scooter and killed two news boys riding thereon.

Under Sec. 782.07, Fla. Stat., he was informed against and charged with manslaughter for killing one of the boys through culpable negligence. He was also charged, under Sec.

860.01, Fla. Stat., with manslaughter for killing the other boy by operation of a motor vehicle while intoxicated.

On the former charge he was acquitted and when the other case was called for trial a plea of former jeopardy was interposed. This plea went out on demurrer and upon a plea of not guilty a trial was had resulting in conviction. Section 12, Declaration of Rights, "No person shall be subject to be twice put in jeopardy for the same offense. . . . "

Elaborate briefs have been filed which reveal numerous cases in hopeless conflict.

In this jurisdiction the identical question has not been passed upon. We are of the opinion that the plea of former jeopardy was not tenable and the action of the court in sustaining a demurrer to it was proper. Our reasons are that this view is supported by the great weight of authority. See note in 172 A.L.R., page 1062 following a report of our decision in State v. Bacom, 159 Fla. 54, 30 So. (2nd) 744. Also People v. Allen, 368 Ill. 368, 14 N.E. (2nd) 397, 308 U.S. 511, 84 L. ed. 436, 60 S. Ct. 132; Fleming v. Com., 284 Ky. 209, 144 S.W. (2nd) 220; Com. v. Maguire, 313 Mass. 669, 48 N.E. (2nd) 665; State v. Freedlund, 200 Minn. 44, 273 N.W. 353, 113 A.L.R. 215; Fay v. State, 62 Okla. Crim. 350, 71 P. (2nd) 768; Lawrence v. Com. 181 Va. 582, 26 S.E. (2nd) 54; State v. Taylor, 185 Wash. 198, 52 P. (2nd) 1252.

Double jeopardy applies to the offense, not the act causing the criminal offense. The gist of this offense is the unlawful homicide of which there were two. There is an offense for each unlawful homicide. It is not difficult to imagine a case where a defendant might by criminal negligence cause an explosion which would annihilate a number of persons. Great difficulty might arise on proving the actual death of one particular individual, yet it would be a travesty on justice to say that the wrongdoer could not then be again arraigned for the criminal killing of some other named victim. In the two imaginary cases the evidence would be different thereby observing the distinction noted and discussed in Driggers v. State, 137 Fla. 182, 188 So. 118 and other cases cited there.

One of the tests often required by this and other courts is whether the evidence will be the same in each prosecution.

It is well to point out here that in addition to the difference in identity of the victims the statute requires different proof in other respects. In one case the state was required to prove culpable negligence. Intoxication, instead of culpable negligence, is required in the other. See State v. Bacon, supra. Each is a separate offense. For an identical case see People v. Trantham, 24 Cal. App. (2nd) 177, 74 P. (2nd) 851. See also Culpepper v. State, 44 Ga. App. 351, 161 S.E. 849.

We have considered the other assignments of error and find them without merit.

The judgment is affirmed.

TERRELL, CHAPMAN, BARNS and HOBSON, JJ., concur.

THOMAS, C.J., and SEBRING, J., agree to conclusion.