KANNER, Judge.
An information laid in two counts charged the appellant, William George Lowe, under the first count, with the offense of manslaughter for causing the death of Frank Lawton through culpable negligence in the operation of an automobile and, under the second count, with manslaughter through the operation of an automobile while intoxicated. The case went to trial before a jury under both of these counts. The jury returned no verdict on the first count but did return a verdict of guilty as charged under the second count. The appeal ensues from this conviction.
As stated, the jury made no finding as to the first count. It is well established in Florida that such a result is the equivalent of finding the defendant not guilty under that count. Barrington v. State, 1940, 145 Fla. 61, 199 So. 320; Stewart v. State, 1934, 114 Fla. 544, 154 So. 322; and Salon v. State, 1916, 70 Fla. 622, 70 So. 603. In consequence, the appellant was found not guilty of the charge of manslaughter through culpable negligence.
Where death of any human being is caused by the operation of a motor vehicle by any person while intoxicated, it is denounced as a separate and distinct offense of manslaughter under section 860.01, Florida Statutes, F.S.A.
A primary ground urged for reversal is that the evidence was insufficient to establish that the accused was intoxicated. In order to sustain a conviction for causing death of a human being through the operation of an automobile “while intoxicated”, it is necessary that the evidence establish beyond a reasonable doubt that the accused was intoxicated and not merely under the influence of intoxicating beverages. Chief Judge Allen of this court in the case of Clowney v. State, Fla.App.1957, 97 So.2d 316, 321, very aptly stated the distinction and rule in this regard as it governs in Florida. Thus he said:
“A great deal of confusion is caused in criminal prosecutions by the use, interchangeably, of the terms ‘intoxicated’ and ‘under the influence of intoxicating beverages’. These terms are not synonymous. A person intoxicated is under the influence of intoxicating beverages, but it does not necessarily follow-that a person under the influence of intoxicants is intoxicated. If a person is prosecuted on a charge of causing the death of a person while intoxicated, it must be proven beyond a reasonable doubt that the defendant was intoxicated and not just under the in-influence of intoxicants.”
The term “intoxicated”, therefore, is stronger than the term “under the influence of intoxicating beverages”; but the latter term is embraced within the former. Clowney v. State, supra; and Taylor v. State, Fla.1950, 46 So.2d 725.
A careful study of the evidence adduced shows use of intoxicants but not of such a nature or degree as to meet the test required to establish that the appellant was intoxicated and not simply under the influence of intoxicants. So we follow the view that where the evidence of the offense of which an accused is convicted is of such inconclusive character that the ends of justice would be best served by awarding a new trial, the judgment will be reversed and a new trial awarded. Stephens v. State, 1939, 140 Fla. 163, 191 So. 294.
There are other points raised by the appellant but because of the conclusion we have reached, it is unnecessary to deal with these. Accordingly, the judgment and sen *256 tence are hereby reversed and set aside, and the cause is remanded for a new trial.
Reversed.
ALLEN, C. J., and SHANNON, J., concur.