130 So.2d 288 (1961)
STATE of Florida, Appellant,
v.
William George LOWE, Appellee.
No. 1920.
District Court of Appeal of Florida. Second District.
May 10, 1961.
Richard W Ervin, Atty. Gen., Edward S. Jaffry, Asst. Atty. Gen., for appellant.
William Lamar Rose, Fort Myers, for appellee.
SPOTO, I.C., Associate Judge.
This appeal is taken by the appellant, State of Florida, pursuant to the authority granted by Section 924.07, Florida Statutes, F.S.A., and raises the question of double jeopardy.
An information containing two counts was filed against the appellee charging him under the first count with the offense of manslaughter for causing the death of one Frank Lawton through culpable negligence in the operation of an automobile and under the second count with manslaughter through the operation of an automobile while intoxicated. The appellee was tried before a jury under both of these counts and the jury returned a verdict acquitting the appellee of the offense of manslaughter as charged in the first count and finding him to be guilty as charged under the second count of the information. The appellee appealed the conviction to this Court and the judgment entered by the trial court on the second count was reversed and the cause was remanded for a new trial. See Lowe v. State, Fla.App., 116 So.2d 254.
*289 Thereafter, and as a result of the same automobile collision hereinbefore referred to, a second information was filed against the appellee charging him in the first count with driving a motor vehicle in such an unlawful manner so as to cause it to run upon and against the automobile operated by the same Frank Lawton named in the information involved in the case of Lowe v. State, supra, thereby causing the death of one Andrew Gerald Smith through culpable negligence in the operation of an automobile. The second count of the latter information is not before this Court for review.
The appellee then interposed a plea of double jeopardy as to the first count of the instant information. The trial court entered its order granting appellee's motion to quash and/or plea of double jeopardy, which was directed to the first count of the instant information.
It was appellee's position in his plea of double jeopardy and the trial court's opinion that, because the appellee had previously been prosecuted for the death of Frank Lawton and found to be not guilty of causing Frank Lawton's death through culpable negligence in the operation of an automobile, he could not thereafter be tried for causing the death of Andrew Gerald Smith through culpable negligence in the operation of an automobile, because both deaths were caused as a result of the same automobile collision, under the same circumstances, under the same facts, and at the same location and time.
The trial court's order striking the first count of the instant information was apparently based upon the theory that the offense charged in the first count of the first information and the one charged in the first count of the instant information are identical and therefore, because of the acquittal in the previous trial under the first count of the first information, a prosecution for causing the death of Andrew Gerald Smith under the first count of the instant information would place the appellee twice in jeopardy for the same offense.
The appellant contends that the two offenses are not identical and that the doctrine of double jeopardy does not act to bar the prosecution of the appellee under the first count of the instant information.
We are of the opinion that the plea of former jeopardy was not tenable and that the action of the trial court in granting appellee's motion to quash and/or plea of double jeopardy was error.
Section 12, Declaration of Rights of the Florida Constitution, provides that "No person shall be subject to be twice put in jeopardy for the same offense. * * *"
In this jurisdiction, the Supreme Court of Florida has aligned itself with the majority view that double jeopardy applies to the offense, not the act causing the criminal offense. The gist of this offense is the manslaughter death of which there were three in the case at bar. This Court holds that where two or more persons are killed by a single criminal act, there are as many separate and distinct offenses as there are persons killed by the unlawful act. See McHugh v. State, 160 Fla. 823, 36 So.2d 786; State v. Bacon, 159 Fla. 54, 30 So.2d 744, 172 A.L.R. 1050 and cases and authorities therein cited.
One of the tests required in the case of McHugh v. State, supra, and the majority of other courts, is whether the evidence will be the same in each prosecution. If the evidence necessary to convict the accused in the two cases urged as the basis for the plea of double jeopardy is different, the doctrine of double jeopardy will not lie.
In the case at bar the evidence required to support the instant information for the manslaughter of Andrew Gerald Smith through culpable negligence in the operation of an automobile would not have been sufficient to support the first information for the manslaughter of Frank Lawton *290 through culpable negligence in the operation of an automobile without proof of an additional fact, and the evidence required to support the first information for the manslaughter of Frank Lawton would not be sufficient to support the information for the manslaughter of Andrew Gerald Smith without proof of an additional fact, that is to say, the corpus delicti, which would necessarily include proof that the particular individual named in the information was killed as a result of the automobile collision.
In Section 782.07, Florida Statutes, F.S.A., the offense of manslaughter is defined as being the killing of a human being by the act, procurement or culpable negligence of another in cases where such killing shall not be justifiable nor excusable homicide nor murder. The offense denounced by the Statute relates to a "human being" and not to "human beings." A separate offense is committed every time any human being is unlawfully killed.
Reversed and remanded.
KANNER, A.C.J., and SHANNON, J., concur.