221 So.2d 228 (1969)
Dudley George HANEMANN, Appellant,
v.
STATE of Florida, Appellee.
No. J-357.
District Court of Appeal of Florida. First District.
March 13, 1969.
Rehearing Denied April 29, 1969.
*229 Robert P. Miller, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., David U. Tumin, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
This appeal is taken by the appellant, Dudley George Hanemann, from a judgment and sentence of ten years imprisonment for the offense of manslaughter.
The information, containing two counts, was filed charging the defendant in Count I with the offense of manslaughter for causing the death of Lena E. Burns by his act, procurement, and culpable negligence in the operation of his automobile. Count II charged manslaughter through the operation of his automobile while under the influence of intoxicating liquor.
At the conclusion of their evidence, the State elected to proceed only on Count II of the information and Count I was dismissed. The trial was ultimately concluded with a verdict of guilty as charged on Count II.
On this appeal, the appellant challenges the sufficiency of the evidence to support the guilty verdict and claims that he has been placed twice in jeopardy for the same offense.
The tragedy from which this case arose occurred at Daytona Beach Shores in Volusia County on February 9, 1966, about 3:15 in the afternoon on a cool, hazy day.
Lena E. Burns, whose life the appellant is charged with taking, and Eileen T. Snyder were strolling on the Atlantic Ocean beach when they were struck and killed by an automobile which the appellant was identified as driving.
In his attempt to justify his position that the evidence is insufficient to support the guilty verdict, appellant relies on those cases that went to trial or in which verdicts were returned on charges of manslaughter by the act, procurement, or culpable negligence as provided for in Section 782.07, Florida Statutes, F.S.A.: Fowlkes v. State, 100 So.2d 826 (Fla.App.3d 1957); Jackson v. State, 100 So.2d 839 (Fla.App.1st 1958); Grimley v. State, 114 So.2d 630 (Fla.App. 1st 1959).
The verdict before us for review was returned on the second count of the information that charged manslaughter through the operation of an automobile while under the influence of intoxicating liquor. This count was clearly intended to charge the defendant with the offense set out in Section 860.01, Florida Statutes, F.S.A., which provides:
"* * * if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter, * * *."
*230 The second count then is a separate and distinct offense from the offenses of manslaughter through culpable negligence. Lowe v. State, 116 So.2d 254 (Fla.App.2d 1959). Therefore, the requirements for proof of guilt urged by the appellant are not germane to the proof of manslaughter by operation of a motor vehicle by a person while intoxicated.
An examination of the record discloses testimony from which the jury could conclude that Lena E. Burns was killed by a motor vehicle operated by the defendant; thus, the only question remaining is whether the evidence submitted to prove intoxication was sufficient. Hopper v. State, 54 So.2d 165 (Fla. 1951).
Intoxication is defined as being under the influence of intoxicating liquor to such an extent as to deprive one of the normal control of one's body or mental faculties or both. Clowney v. State, 102 So.2d 619 (Fla. 1958).
An examination of the record as it relates to the appellant's state of intoxication reflects that at about 1:00 P.M. on the day of the offense, the appellant was staggering like he was drunk, appeared to be sleepy, and was asking for a drink of something alcoholic. He was in a tavern between 1:30 P.M. and 3:00 P.M. where he drank several bottles of beer. While in the tavern, he was upset and shaking; he sat at the bar and cried. The deputy who arrested him between 6:00 and 7:00 P.M., some three hours after the victim was killed, testified that in his opinion the appellant was intoxicated and that he arrested him on that charge.
It is our opinion that above evidence is sufficient to allow the jury to find that the appellant was under the influence of intoxicating liquor to such an extent as to deprive him of his normal ability to control his body and his mind. The jury could then conclude and did conclude that the appellant was intoxicated when his motor vehicle struck Lena E. Burns.
The appellant's contention of double jeopardy arises out of his acquittal of manslaughter charges for the death of Eileen T. Snyder, who was killed at the same time and by the same incident as Lena E. Burns.
This contention was before this court by petition for writ of prohibition in State ex rel. Hanemann v. Wingfield, 202 So.2d 131. We held that the petition was not well founded and denied it on authority of State v. Lowe, 130 So.2d 288 (Fla.App.2d 1961). The appellant has given no reason why this holding should now be changed and we adhere to that earlier ruling.
Appellant has failed to demonstrate error by the issues he raises here. Accordingly, the judgment appealed must be and is
Affirmed.
JOHNSON, J., concurs.
RAWLS, Acting C.J., dissents.
RAWLS, Acting Chief Judge (dissenting).
On the 17th day of March 1966, the State's Attorney in and for the Seventh Judicial Circuit, Volusia County, Florida, filed two separate informations against Hanemann, one of which charged manslaughter of Eileen T. Snyder, and the other charged manslaughter of Lena E. Burns. Both informations contained two counts each (culpable negligence, and while under the influence of intoxicating liquor) and the language was identical in each information except for the name of the decedent. Hanemann pleaded not guilty as to each information. He was put to trial on both counts of the information naming decedent Eileen T. Snyder, and acquitted upon a jury verdict of not guilty. It is without contradiction that the same evidence adduced in Hanemann's trial concerning Eileen T. Snyder's death was adduced in the instant cause as to the death of Lena Burns.
*231 State ex rel. Hanemann v. Wingfield[1] was founded upon the decision of our sister court in State v. Lowe.[2] The Lowe case relied principally upon the Supreme Court's holding in McHugh v. State.[3] In McHugh the defendant was charged by two separate informations with manslaughter for killing two boys while operating his automobile in such a manner as to collide with the motor scooter on which the boys were riding. Upon trial for the death of one boy, defendant was acquitted on an information charging culpable negligence. In a subsequent trial involving the death of the other boy, he was convicted of the charge as to operating an automobile while intoxicated. The court in holding that former jeopardy did not exist carefully stated: "In one case the state was required to prove culpable negligence. Intoxication, instead of culpable negligence is required in the other."
The prohibition against double jeopardy is an ancient and well-established doctrine,[4] which is so ancient that it is impossible to trace its origin.[5] It is the settled rule in some jurisdictions that a defendant cannot be lawfully punished for two distinct deaths, growing out of the same identical act, where one is a necessary ingredient of the other; and a series of charges cannot be based upon the same offense, subdivided into two or more indictable crimes.[6] It must be conceded the weight of authority holds that it is the identity of the offense and not of the act which is referred to in the constitutional guaranty against putting a person twice in jeopardy. Were I the only voice in the wilderness pleading for the rule long recognized in our sister state of Alabama, I would not yield to what I believe to be an absurd and illogical rule.[7]
Since the day the oppressive yoke of the King of England was cast aside, criminal jurisprudence in this Republic has been founded primarily upon the concept of scienter, or stated another way, the intent or guilty knowledge of the accused. We are not here concerned with two gunshots fired rapidly and killing different individuals, however short the passage of time that elapsed between shots. We are here concerned with a single act which, unfortunate as it was, resulted in the death of two people. We are also confronted with the law accusing this individual of: (1) manslaughter by reason of culpable negligence, and (2) manslaughter by reason of his driving an automobile while intoxicated. This defendant was likewise duly accused in the first trial, granted his constitutional right of a trial before his peers, and acquitted. What did this acquittal constitute? The majesty of the law solemnly found on said date, place and time that this defendant neither operated his automobile in such a manner as to constitute culpable negligence nor operated said automobile while intoxicated. Yet, on another day the law again summoned this defendant to the bar of justice and again accused him of what?  That on the identical day, at the identical place and at the identical time, he did drive the identical automobile in such an intoxicated condition as to be guilty of manslaughter by reason thereof. Incongruous? Of course it is.
The prohibition of double jeopardy is a sacred principle of criminal jurisprudence and is a part of the universal law of reason, justice and conscience.[8] I submit that *232 the test here applied by the majority does not comport with logic, reason, justice, conscience or common sense. So much is said in this contemporary era about "law and order," the right to disobey an "unjust law," and "civil disobedience," that the populace of this nation is entertaining grave doubts as to the fairness of our judicial system. As shown in this instance, there are grounds for such observations. For when "law" casts logic onto the dumpground of sophistry, it paves the way to a fatal collapse of our system of justice.
I dissent.
NOTES
[1] State ex rel. Hanemann v. Wingfield, 202 So.2d 131 (Fla.App. 1st 1967).
[2] State v. Lowe, 130 So.2d 288 (Fla.App.2d 1961).
[3] McHugh v. State, 160 Fla. 823, 36 So.2d 786 (1948).
[4] 22 C.J.S. Criminal Law § 238.
[5] Mullins v. Commonwealth, 258 Ky. 529, 80 S.W.2d 606 (1935).
[6] Gunter v. State, 111 Ala. 23, 20 So. 632 (1896).
[7] Cf. Hearn v. State, 55 So.2d 559, 28 A.L.R.2d 1179 (Fla. 1951), which holds that where property is stolen from several owners at the same time and place as one continuous act, the offense is a single larceny.
[8] 22 C.J.S. Criminal Law § 238.