SPECTOR, Chief Judge.
This is an appeal from an order denying appellant’s postconviction motion to vacate his judgment of conviction and sentence on robbery charges.
Prior to the initiation of these postcon-viction proceedings, appellant sought review of his conviction in a direct appeal to this court. We affirmed the conviction. 224 So.2d 713, decided in 1969.
Prior to the trial of that case, appellant had been charged with committing the offense of robbery on the same date and in the same store, the alleged victim however being the cashier at a different register in the same store. He was acquitted in the first trial. Appellant alleged in his motion below that the question of identification of the robber was the salient and controlling factual issue in both trials. He alleges that prior to the commencement of the second trial he sought dismissal of charges on the grounds of the double jeopardy clause of the state and federal constitutions. The trial in which he was acquitted and the later trial in which he was convicted both occurred, including appeal of the latter, prior to rendition of the United States Supreme Court’s decision in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, which held that the federal rule on “collateral estoppel” was a facet of “double jeopardy” in its constitutional sense.
Thus, the sole question which we consider in this appeal is the retroactivity of the Supreme Court’s decision in Ashe v. Swenson, supra. The State concedes that factually the case sub judice is analogous to Ashe and further that if the principle of Ashe is to be applied retroactively, this case would be controlled by Ashe. Appellant through appeal counsel has submitted a brief treating the question of retroactivity ably and exhaustively. However, no case binding on this court has been brought to our attention in said brief or in our independent research of the cases and authorities handed down since the submission of the briefs herein which holds foursquare that the decision in Ashe is to be given retroactive application. This court has applied Ashe, supra, to a case in which the judgment in the second trial [the trial the holding of which would have been foreclosed by the Ashe principle] had not yet become final when the Supreme Court announced its decision in Ashe. Eagle v. State, 249 So.2d 460 (Fla.App.1971). Unlike the Eagle case, however, the judgment in the case sub judice became final prior to the decision in Ashe.
The decision in Ashe resulted from an admitted engraftment of a federal procedural rule of collateral estoppel by the court upon the constitution that elevated that procedural principle to the status of a constitutional imperative. We, of course, are bound by Ashe and have in fact applied its teaching to pending cases. See Eagle, supra. In absence of controlling precedent, however, we are not inclined to extend the holding in Ashe beyond the circumstances before the Supreme Court when it decided Ashe.
In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, the Supreme Court articulated three factors generally involved in the determination of retroactivity of a newly announced principle of law to be as follows:
“(a) the purpose to be served by the new standards,
(b) the extent of the reliance by law enforcement authorities on the old standards, and
(c) the effect on the administration of justice of a retroactive application of new standards.”
In Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248, the Supreme Court discussed these factors and declined retroactive application of the rule in Katz *167 v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, relating to the admissibility of evidence which was the fruit of an electronic surveillance conducted without prior judicial authorization. Thus, applying the Stovall factors, the court in Desist approved the admission of evidence obtained in violation of the Katz principle since the trial in the Desist case was conducted prior to the announcement of the new rule in Katz. Bearing in mind one of the main purposes to be served by the new constitutional rule announced in Ashe; that is, avoidance of successive trials arising out of the same criminal incident, the elements of which involve the same eviden-tiary facts, our holding that the rule in Ashe should be given prospective application only is justified by the knowledge that before the Ashe decision many prosecutors went to trial on an information charging one crime committed contemporaneously with other crimes, even though a star witness or an item of physical evidence which would have added to the State’s case was temporarily unavailable for use at trial. Under the rule prevailing prior to Ashe, it was permissible for a prosecutor to run the risk of acquittal on the trial of the first charge by going to trial ill prepared, knowing all the while that he could try the defendant on additional charges stemming from the same incident. This, of course, is the very practice that the Ashe decision was calculated to prevent. And while the Ashe purpose is now accomplished, it cannot be denied that prior to that holding prosecutors and the courts generally relied on the old pre-Ashe standards. See State v. Lowe, 130 So.2d 288 (Fla.App.1961), holding that this jurisdiction had aligned itself with the majority view that double jeopardy applies to the offense rather than to the act causing the criminal offense. Of course, the view therein expressed no longer obtains in light of the Ashe decision. Just as the court held in Desist, supra, while discussing the “reliance” standard, that “this criterion strongly supports prospectivity for a decision amplifying the evidentiary exclusionary rule”, so are we persuaded that the “reliance” standard strongly supports prospectivity for a decision which elevates the federal procedural rule on collateral estoppel to constitutional proportions.
Our holding that Ashe is inapplicable to judgments which had become final prior to the Ashe decision is one which we feel to be of great public interest. Accordingly, we hereby certify this decision as such so that appellant can seek review by certiorari should he be so inclined.
Affirmed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.