CARROLL, Judge.
By an information the appellant was charged in four counts with aggravated assault upon four separate individuals. Upon trial he was found guilty of aggravated battery on each count for which four sentences of 18 months were imposed, to be served consecutively.
The evidence produced on behalf of the state showed that the four victims named in the information were police officers; that they drove to the location of a store some time after the manager thereof had reported a disturbance by certain individuals, whose description was supplied; that upon arriving the officers noted that the defendant who was leaving the store appeared to match the description which had been given of one of the men involved in the disturbance. As the officers alighted from their vehicle, the defendant entered his car and backed it at the officers who were able to avoid being struck by the defendant’s vehicle by leaping out of the way thereof.
The crime of aggravated battery, of which the defendant was found guilty, as a lesser included offense of that charged, is defined in § 784.045 Fla.Stat., F.S.A., as follows: “Any person who commits a battery upon another person and intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement is guilty of aggravated battery and shall, upon conviction, be punished by imprisonment in the state penitentiary not exceeding two years or by fine not exceeding two thousand dollars ($2,000.00) or both.”
The several contentions of the appellant of error by the trial court in the making of certain rulings during the trial have been considered in the light of the record and briefs and found to be without merit. The separate charges, and convictions and sentences thereon were authorized under authority of McHugh v. State, 160 Fla. 823, 36 So.2d 786; Hanemann v. State, Fla.App.1969, 221 So.2d 228.
We hold, however, that the offense of aggravated battery of which the defendant was convicted was not established by the evidence. The officers against whom the defendant directed his vehicle were not struck thereby. Therefore, although there was an assault, there was no battery. Unlike assault, for which there need not be any touching or striking of the person assaulted, such contact is required in order for there to be a battery. Thus in 6 Am.Jur.2d, Assault & Battery § 4, it is said: “A battery is the unlawful touching or striking of the person of another by the aggressor himself or by any other substance put in motion by him, done with the intention of bringing about a harmful or offensive contact or apprehension thereof which is not legally consented to by the other and not otherwise privileged.” See also 3 Fla.Jur., Assault & Battery § 3.
*269 Accordingly, the judgment is modified to adjudge the defendant guilty on each of the four counts of the proved lesser included offense of assault, as defined in § 784.02 Fla.Stat., F.S.A., and as so modified the judgment is affirmed. This modification of the judgment requires setting aside the sentences which were imposed, and the cause is remanded to the trial court with direction to amend the judgment accordingly, and to reimpose sentences for assault, as provided for in § 784.02 Fla.Stat., F.S. A.
Judgment modified, and as modified affirmed, and cause remanded with directions.