370 So.2d 435 (1979)
Lloyd HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. LL-298.
District Court of Appeal of Florida, First District.
May 4, 1979.
*436 Michael Minerva, Public Defender, and Margaret Good, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Lee Mandell, Asst. Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
Defendant appeals his conviction of the offense of aggravated battery under one Count[1], and battery under a second Count[2], of the information. The sole issue for our determination is whether the trial court committed reversible error in failing to give jury instructions on the lesser included offenses of "attempts" to commit the two crimes charged.
As to the aggravated battery count, the trial judge instructed the jury on the lesser included offenses of aggravated assault, battery, and assault. As to the battery count, the trial judge instructed on the lesser offense of assault. Our inquiry must necessarily deal with the question whether "attempts" to commit the crimes charged are offenses under the criminal law of the State; if so, whether the failure to give charges on attempts was error; and if error, whether harmless or reversible. We conclude that attempted aggravated battery and attempted battery are criminal offenses, and that the failure to give the required jury instruction under Rule 3.510, Fla.R.Cr.P., was error. However, our examination of the case law, the statutes and the rule, convinces us that the error was harmless and not reversible.
Our study of the problem facing the trial judge in determining which "lesser included offense" instruction to give, or not give, commences with Mr. Justice Thornal's definitive opinion in Brown v. State, 206 So.2d 377 (Fla. 1968), and carries us through a progression of somewhat confusing and contradictory decisions.
The Brown decision (206 So.2d 377, Fla. 1968) established the now familiar "categories of offenses" approach to jury instructions on lesser included offenses. A second Brown case, Brown v. State, 245 So.2d 68 (Fla. 1971), excepted homicide cases from the general rules established in the earlier Brown decision if the death of the victim is not in issue but is an incontrovertible fact. In such cases, involving homicide only, jury instructions are properly limited to the unlawful homicide offenses within the charge, together with justifiable and excusable homicide. Martin v. State, 342 So.2d 501 (Fla. 1977); cf. Spigner v. State, 304 So.2d 496 (Fla. 1st DCA 1974); and see State v. Thomas, 362 So.2d 1348 (Fla. 1978) footnote at page 1350.
In cases other than homicide where death is not in issue, it is clear that the trial judge must instruct on attempts and lesser included offenses in accordance with the rules laid down in the first Brown decision. In practice, because strict adherence to these rules often requires the giving of seemingly illogical and even absurd instructions in particular cases, both trial and appellate courts have frequently been persuaded to follow the dictates of common sense and reason in denying or approving the denial of required instructions. It is therefore important to note that in Lomax v. State, 345 So.2d 719 (Fla. 1977), the Supreme Court rejected the notions reflected in lines of cases that: (1) It is not error to refuse instructions on lesser included offenses when the trial court is of the opinion that based on the evidence no reasonable jury could infer that the crime charged was not committed; and (2) Lesser included offense instructions can be omitted when there exists overwhelming evidence that defendant committed the crime charged.
The apparent clash between common sense and the mandates of the Brown decision can be substantially mitigated or eliminated *437 entirely by keeping in mind two compelling reasons why these instructions must be given even in the face of evidence that would preclude any possibility that a particular lesser included offense instruction would actually fit the established facts of the case. The first of these considerations is the long established prohibition against allowing the trial judge to make evidentiary determinations that properly lie within the province of the jury, Hand v. State, 199 So.2d 100 (Fla. 1967); and Lomax v. State, supra. The second is the "jury pardon" concept recognized by numerous decisions of the Florida appellate courts. State v. Thomas, 362 So.2d 1348 (Fla. 1978), and cases therein cited.
In the case before us, if an attempt to commit the crime charged in each count would in itself be an offense, an instruction on "attempt" to commit that crime was required. Rule 3.510, Fla.R.Cr.P. In State v. White, 324 So.2d 630 (Fla. 1975), attempted assault and attempted aggravated assault were held to be criminal offenses. See also Hall v. State, 354 So.2d 914 (Fla. 2nd DCA 1978). The offenses of battery and aggravated battery are so closely akin to assault and aggravated assault that we see no reason to belabor the point, and accordingly hold that attempted battery and attempted aggravated battery are criminal offenses.
Under our analysis, it was error for the court to refuse instructions on attempts to commit battery and aggravated battery. As noted, however, the trial judge did instruct on the lesser offenses of aggravated assault, battery, and assault (as to the aggravated battery charge), and on the lesser offense of assault (as to the battery charge). The crime of aggravated battery is a felony of the second degree, Florida Statutes 784.045. Under Section 777.04, Florida Statutes, the offense of attempted aggravated battery is a felony of the third degree. The offense of aggravated assault under Section 784.021, Florida Statutes, is also a felony of the third degree. Under Section 784.03 the crime of battery is a misdemeanor of the first degree. The crime of attempted battery, under Section 777.04 is a misdemeanor of the second degree. The offense of assault under Section 784.011 is also a misdemeanor of the second degree. As to each count, therefore, the trial judge gave the jury the option of convicting the defendant of an offense carrying the same penalty as the "attempt" offense. As a practical matter, we find very little to distinguish the crime of attempted aggravated battery from the crime of aggravated assault, or the crime of attempted battery from the crime of assault.
We think this case is controlled by the decision in DeLaine v. State, 262 So.2d 655 (Fla. 1972), recently reaffirmed in State v. Abreau, 363 So.2d 1063 (Fla. 1978). The court in DeLaine held that it was harmless error to refuse an instruction on assault and battery where the defendant was charged with and convicted of the crime of rape. There the court gave an instruction on the offense of assault with intent to commit rape. In adopting the so-called "two step" rule, the court reasoned as follows:
"... As a matter of common sense and logic, if the jury did not convict the petitioners of assault with intent to commit rape, the same jury would not convict them of assault and battery, which is two steps removed from the crime of which petitioners were convicted. Under the circumstances of this case, the failure to give the requested charge on assault and battery was harmless error." (262 So.2d at page 658)
While we cannot say that the omitted "attempt" offenses were strictly speaking "two steps" removed from the offenses of which defendant was convicted, neither can we say the attempts should necessarily fall within the "one-step" category so that refusal of the instruction should be considered reversible error.
We hold that the "jury pardon" concept was adequately preserved in this case since the jury could have convicted the defendant under Count I of the lesser offense of aggravated assault, the elements of which are virtually identical with attempted aggravated battery, and the penalty for which is *438 the same; and the jury could have convicted the defendant under Count II of the lesser offense of assault, the penalty for which is the same as attempted battery, and the elements of which are virtually identical. We find so little distinction, if any, in the omitted attempt offenses and the offenses covered by the instructions that we cannot say that the trial judge's decision to instruct on one, but not the other, represents a withdrawal of critical evidentiary matter from the province of the jury.
We note that the Fourth District Court of Appeal in Garrison v. State, 340 So.2d 1171 (Fla. 4th DCA 1976), cert. den. 348 So.2d 953 (Fla. 1977), indicated that the harmless error rule would be applicable if the jury was given an opportunity to convict the defendant of a lesser included offense which carries a penalty greater than or at least equal to the punishment for the attempt to commit the offense. Whether we would be inclined to follow this rule we are not prepared to say. In the case before us we find not only equality of penalty but virtually comparable elements of the attempt offenses and the lesser included offenses covered by the instructions.
Before leaving the question of harmless error it should be noted that a degree of confusion in the law has been created by conflicting pronouncements in various cases. State v. Terry, 336 So.2d 65 (Fla. 1976) called for strict compliance with Brown. Terry held that where defendant was charged with assault with intent to commit murder in the first degree, and convicted of aggravated assault, failure to instruct on the offenses of assault and assault and battery was reversible error. In Terry the court failed to make any reference whatever to the DeLaine two step rule, and expressly overruled any prior conflicting decisions.
Thus, State v. Terry led to some speculation whether the DeLaine "two step" rule had been abandoned. Then in Lomax v. State, 345 So.2d 719 (Fla. 1977), the court seemed to reject entirely the "harmless error" rule as applied to the failure to instruct on lesser included offenses. In Lomax the court reaffirmed State v. Terry and in unmistakable and explicit language stated:
"... When failure to instruct on a lesser-included offense constitutes error, the harmless error doctrine will not be invoked. Any such failure constitutes prejudicial error and is per se reversible." (345 So.2d at page 721)
However, in the later case of State v. Abreau, 363 So.2d 1063 (Fla. 1978), the court made it clear that the harmless error doctrine was still applicable, under the DeLaine rule, where the omitted instruction was two steps or more removed from the offense of which defendant was actually convicted. The court said:
"Only the failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible. Where the omitted instruction relates to an offense two or more steps removed, DeLaine continues to have vitality, and reviewing courts may properly find such error to be harmless." (363 So.2d at page 1064)
Lest there be any confusion remaining, the Abreau decision emphatically stated that the court had not "receded from DeLaine and its progeny", and further:
"Thus, to the extent that the broad language employed in Lomax intimates that the harmless error doctrine cannot be invoked whenever there has been a failure to instruct on any lesser-included offense, it is disapproved." (363 So.2d at page 1064)
We hold that the harmless error statute, Section 924.33, is applicable, and that it has not been shown that the error injuriously affected the substantial rights of appellant.
For the foregoing reasons, the judgment of conviction be and the same is hereby affirmed.
MELVIN, Acting C.J. and BOOTH, J., concur.
NOTES
[1] Count I charged aggravated battery upon Keith Barnes with the use of a deadly weapon, a knife.
[2] Count II charged battery upon David Enfinger by actually and intentionally striking him.