**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2010
Decided November 30, 2010

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1460

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | 09-CR-107-C-01 |
| ERIC KOENIG, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Eric Koenig entered a U.S. Bank in Eau Claire, Wisconsin, pointed a loaded pistol at two different tellers in close range, and made off with $4295. Koenig and an accomplice fled the scene in a vehicle with the police in hot pursuit. After a two-mile chase that ended on foot in the deep woods, a SWAT team apprehended Koenig and his accomplice. Ignoring the SWAT team's instructions not to move, Koenig and his accomplice struggled with each other for control of a pistol before an officer overtook Koenig and wrested the gun away.

Koenig pleaded guilty to one count of armed bank robbery, 18 U.S.C. § 2113(a), (d), and one count of possession of a firearm by a convicted felon, *id.* § 922(g)(1). The district court sentenced him to 19 years' imprisonment and 5 years' supervised release on both counts, to run concurrently. Koenig appeals, but appointed counsel concludes that the

appeal is frivolous and therefore seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Koenig did not submit a statement explaining why he believes his appeal has merit. *See* CIR. R. 51(b). We confine our review to the potential issues counsel identifies in his facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Koenig has told counsel that he does not want his guilty plea vacated, so counsel properly refrains from considering the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first considers whether Koenig could argue that the district court erred in sentencing him as an armed career criminal, *see* 18 U.S.C. § 924(e)(1), U.S.S.G. § 4B1.4(a), because one of his three prior convictions—a 1991 Florida aggravated assault conviction—was not a violent felony under 18 U.S.C. § 924(e)(2)(B). But this contention would be frivolous. A crime is a violent felony if it is punishable by imprisonment for more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Under Florida law aggravated assault is "assault: (a) With a deadly weapon without intent to kill; or (b) With an intent to commit a felony." FLA. STAT. § 784.021(1) (1991). At sentencing Koenig's counsel asserted that the Florida statute was divisible and expressed confusion about which statutory subsection governed Koenig's conviction. But the particular subsection is beside the point; as the district court explained, any aggravated assault conviction under § 784.021(1) qualified as a violent felony. Florida law defines assault as an "intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent," *id.* § 784.011(1). Because Florida's definition of "assault" contains the elements of violence and a threatened use of force, *see, e.g., Lay v. Kremer*, 411 So.2d 1347, 1347 (Fla. Dist. Ct. App. 1982), we would conclude that a conviction for "aggravated assault" under Florida law qualifies as a "violent felony" for sentencing purposes. *See* 18 U.S.C. § 924(e)(2)(B)(i).

Counsel next examines whether Koenig could argue that the district court erred in calculating the guidelines range, *see United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008), but properly concludes that such an argument would be frivolous. Grouping Koenig's armed bank-robbery count together with his possession count, *see* U.S.S.G. § 3D1.3(a), the court classified Koenig as a career offender for both counts, *see id.* §§ 4B1.1, 4B1.4, and determined that the adjustment for both counts resulted in an offense level of 34. The court then adjusted Koenig's offense level downward three levels to 31 to reflect acceptance of responsibility, *see id.* § 3E1.1(b). Given Koenig's criminal history category of VI, *see id.* §§ 4B1.1(b), 4B1.4(c), the court correctly assessed Koenig's sentencing range under the guidelines as 188 to 235 months.

Counsel then considers whether Koenig could argue that the within-guidelines sentence imposed by the district court is unreasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), but concludes that such a challenge would be frivolous. The court adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a): Koenig's history and characteristics such as his troubled relationships with his family, his drug abuse, and his significant criminal record, *see id.* § 3553(a)(1); the threats he poses to society and the need for deterrence in light of his acknowledgment that he is "a very dangerous individual" and "need[s] to be in prison for a very long time," *see id.* § 3553(a)(2)(B), (a)(2)(C); his need for rehabilitation and substance-abuse treatment, *see id.* § 3553(a)(2)(D); and the need to avoid unwarranted sentencing disparities, *see id.* § 3553(a)(6).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.