**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0232n.06

**Case No. 14-6255**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 29, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| FRANK J. PITTRO, JR., | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE: BATCHELDER and WHITE, Circuit Judges; and LIPMAN, District Judge.**[*]

**SHERYL H. LIPMAN, District Judge.** Defendant-Appellant Frank J. Pittro, Jr. ("Defendant") appeals his sentence for felon in possession of a firearm imposed under the Armed Career Criminal Act ("ACCA"). Defendant argues that his prior convictions for aggravated assault, assault with intent to commit murder, and second-degree murder do not qualify as predicate felonies under the ACCA's "use-of-force" clause. He therefore contends that the sentence enhancement he received under the Act was improper. We disagree. For the reasons set forth below, we **AFFIRM** the sentence imposed by the district court.

---

[*] The Honorable Sheryl H. Lipman, United States District Judge for the Western District of Tennessee, sitting by designation.

BACKGROUND

On January 28, 2014, a grand jury in the United States District Court for the Eastern District of Tennessee indicted Defendant Frank J. Pittro Jr. on two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (R. 1.) Defendant later pled guilty to both counts of the indictment. (R. 20.) Based on four of Defendant's prior felony convictions in Florida, the United States Probation Office classified him as an armed career criminal under the ACCA. (R. 21.) According to the presentence report, Defendant's convictions in 1973 for aggravated assault, in 1976 for two assaults with intent to commit murder, and in 1978 for second-degree murder constituted predicate offenses that triggered the ACCA sentencing enhancements. (*Id.* at ¶¶ 31– 33, 35.)

Defendant objected to his designation as an armed career criminal, asserting that his prior convictions did not constitute "violent felonies" under the ACCA. (R. 25, 35.) Plaintiff-Appellee United States of America (the "Government") responded that each prior conviction qualified as a violent felony under both the ACCA's "use-of-physical-force" clause and its residual clause. (R. 31.) The district court overruled Defendant's objections and found that his aggravated assault and two assault-with-intent-to-commit-murder convictions were violent felonies under the ACCA's use-of-physical-force clause. (R. 44 at Page ID #363, 374.) Additionally, it found that Defendant's second-degree murder conviction did not constitute a felony under the use-of-physical-force clause, but nonetheless fell under the ACCA's residual clause. (*Id.* at Page ID #380.) Consequently, on October 10, 2014, the district court entered a

judgment sentencing Defendant to 180 months in prison.[1]  Defendant filed his timely appeal on

October 13, 2014.  (R. 42.)

ANALYSIS

Defendant challenges his sentence under the ACCA as improper.  He argues that the

conduct required to commit the aggravated assault and the two assaults with intent to commit

murder incorporates acts that do not require physical force or the threat of physical force, and

therefore they cannot constitute "violent felonies" under the ACCA's "use-of-physical-force"

clause.  Defendant also asserts that his second-degree murder conviction also cannot constitute a

predicate felony under the ACCA for two reasons.  First, he contends that second-degree murder

can be accomplished without the use of physical force; thus, it cannot be a predicate offense

under the "use-of-physical-force" clause.  Second, he argues that the Supreme Court found the

ACCA's residual clause to be unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551, 2563

(2015), so second-degree murder cannot constitute a predicate offense under the residual clause.

The Government argues that all four of Defendant's convictions, as defined by Florida law,

plainly constitute violent predicate felonies under the ACCA's use-of-physical-force clause.  We

hold that Defendant's aggravated assault and assault-with-intent-to-commit-murder convictions

constitute three "violent felonies" within the meaning of the ACCA, and thus **AFFIRM** the

sentence imposed by the district court.[2]

---

[1] Defendant's advisory-guidelines range was 188 to 235 months in prison.  However, after considering the 18 U.S.C. § 3553(a) factors, Defendant's acceptance of responsibility and Defendant's other sentencing arguments, the district court imposed a below-Guidelines sentence. (R. 44 at Page ID #382-83.)

[2] Because the Court has determined that Defendant's three prior assault convictions are "violent felonies" under the ACCA, there is no need to determine whether Defendant's second-degree murder conviction is also an ACCA predicate offense.

Whether a defendant's prior conviction qualifies as a "violent felony" under the ACCA is a question of law that this Court reviews de novo. *United States v. Stafford*, 721 F.3d 380, 395–96 (6th Cir. 2013). The ACCA imposes a fifteen-year mandatory minimum sentence for any felon convicted of unlawfully possessing a firearm who has "three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[3] 18 U.S.C. § 924(e)(2)(B).

To determine whether an offense is a violent felony under the ACCA's "use-of-physical-force" clause, the Court applies a categorical approach, looking to the statute-of-conviction's language to see if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."[4] 18 U.S.C. 924(e)(2)(B)(i); *see also United States v. Ford*, 560 F.3d 420, 421–22 (6th Cir. 2009). The Supreme Court defines "physical force" as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). If it is possible to convict a

---

[3] The last phrase of 18 U.S.C. § 924(b)(2)(E)(ii), "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause," was held to be unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

[4] If a statute is divisible--one which enumerates alternative ways in which the crime may be committed--then a court may look beyond the statutory language to certain lower-court documents to determine which part of the statute formed the basis of the defendant's conviction. *Deschamps v. United States*, 133 S. Ct. 2276, 2283–84 (2013). In this case, the Florida aggravated assault and assault-with-intent-to-commit-murder statutes at issue are indivisible. *See* Fla. Stat. § 784.04, 784.06 (1973). Therefore, the Court need only apply the categorical approach.

person under the statute for conduct not involving the use, attempted use, or threatened use of physical force, then that crime cannot constitute a predicate felony under the "use-of-physical-force" clause. *See Deschamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *Taylor v. United States*, 495 U.S. 575, 599–600 (1990). Therefore, for Defendant's assault convictions to qualify on their face as "violent felonies," they must necessarily involve the use, attempted use, or threat of physical force.

The Court looks to the language of Florida's aggravated assault and assault-with-intent-to-commit-murder statutes to determine if these are crimes involving the use, attempted use, or threatened use of "physical force." At the time Defendant committed his prior felonies, Florida defined aggravated assault as "[assault on] another with a deadly weapon, without intent to kill." Fla. Stat. § 784.04 (1973). Assault with intent to commit murder was defined as, inter alia, "assault on another, with intent to commit any capital felony or felony in the first degree." Fla. Stat. § 784.06 (1973). Therefore, whether these two crimes involve the use or threat of physical force depends on the definition of "assault." The Florida Supreme Court defined assault as "an intentional, unlawful threat by word or act to do violence to the person of another coupled with an apparent ability to do so, and doing some act which creates a well-founded fear of such violence being done."[5] *State v. Wilson*, 276 So.2d 45, 46 (Fla. 1973) (internal quotation marks

---

[5] In 1975, Florida codified the definition of assault using almost identical language. *See* Fla. Stat. § 784.011(1) (2015) ("An 'assault' is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."); *see also* Fla. Stat. § 784.011(1) (1975). In his Reply, Defendant argues that prior to 1975, Florida's definition of assault did not necessarily require intent, and thus encompassed reckless or negligent conduct. (*See* Reply Br. 8–10.) However, pre-1975 cases defined assault using the word "intentional," *see, e.g.*, *Wilson*, 276 So. 2d at 46; *Albright v. State*, 214 So. 2d 887, 888 (Fla. Dist. Ct. App. 1968), and case law does not suggest the state interpreted assault differently before and after its definition was codified.

omitted). In turn, whether an assault, and thus Defendant's crimes, involves physical force depends upon the meaning of the phrase "to do violence."

Defendant contends that "to do violence" encompasses conduct that does not require physical force. He argues that the phrase has a broader meaning beyond causing physical harm, because "to do violence" to someone can mean "'to outrage,' 'to damage or violate,' and to 'adversely affect.'" (Appellant's Br., 25.) Defendant asserts that this broad definition fits better into the statutory scheme because assault was a lesser included offense of battery, which may be committed merely with intentional, offensive contact with another. *See* Fla. Stat. § 784.03; *Henderson v. State*, 370 So. 2d 435, 437 (Fla. Dist. Ct. App. 1979). Therefore, according to Defendant, because the "violence" required to commit a battery encompasses conduct short of physical force, the Court should interpret assault to include threats to engage in conduct that does not require physical force. However, Defendant's characterization of assault stands in stark contrast to how the Florida courts view the crime.

An examination of Florida case law shows that assault is a crime involving the threat of physical force. For example, in *State v. Hackley*, the Florida Supreme Court held that burglary of a conveyance with an assault qualified as a "felony that involves the use or threat of physical force or violence" under Florida's prison releasee reoffender statute. 95 So. 3d 92, 94 (Fla. 2012). The court specifically stated that, because assault was an element of the crime, and because assault "necessarily involves the 'threat by word or act to do violence to the person of another,'" burglary of a conveyance with an assault involved the "'use or threat of physical force or violence.'" *Id.* A number of other Florida cases have also held that to threaten "to do violence" involves a threat of physical force or violence. *See, e.g.*, *Shaw v. State*, 26 So. 3d 51, 53 (Fla. Dist. Ct. App. 2009); *Harris v. State*, 5 So. 3d 750, 751 (Fla. Dist. Ct. App. 2009)

(holding in the context of resisting arrest that "[o]ffering to do violence plainly involves the threat of physical force or violence while actually doing violence plainly involves the use . . . of physical force or violence.") (internal quotation marks omitted) (second alteration in original).

The court's holding in *Hackley* also undercuts Defendant's argument that the definition of "to do violence" should be broadly construed in light of the assault's relationship to battery. The *Hackley* Court wrote that "[a]n assault—by definition—always includes the threat to do violence[;] . . . [b]attery, on the other hand, does not necessarily involve the threat or use of force or violence." *Hackley*, 95 So. 3d at 96. Thus, the court made clear that, while battery can involve conduct short of physical force, assault always involves the threat of physical force.[6]

Every federal court to consider this issue has found that aggravated assault in Florida qualifies as a violent felony.[7] *See, e.g.*, *United States v. Alonzo-Garcia*, 542 F. App'x 412, 416 (5th Cir. 2013) (holding that Florida's aggravated assault statute has "as an element the use, attempted use, or threatened use of physical force against the person of another," and thus qualified as a crime of violence warranting sentence enhancement for a defendant convicted of unlawful reentry after deportation); *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013) (holding that a conviction under Florida's current aggravated assault statute "will always include 'as an element the . . . threatened use of physical force against the

---

[6] Defendant's argument that the law was different at the time of his offense is unpersuasive. Even then, under Florida law, an offense could be a lesser included offense of another in some cases but not others, depending on the charges. *See State v. Smith*, 240 So. 2d 807, 809 (Fla. 1970) (reaffirming holding of *Brown v. State*, 206 So.2d 377 (Fla. 1968), that "a lesser included offense is one which may or may not be included in the offense charged depending on the Accusatory pleading and the evidence"). The cases Defendant cites do not hold that assault is *always* a lesser included offense of battery. *See Henderson*, 370 So. 2d at 437; *Rodriguez v. State*, 263 So. 2d 267, 268–69 (Fla. Dist. Ct. App. 1972).

[7] Although these cases only addressed whether aggravated assault qualified as a "violent felony" under the ACCA or a "crime of violence" under the Sentencing Guidelines' provision using the same language, the same reasoning applies to Florida's assault-with-intent-to-commit-murder statute because both require "assault" as an element of the offense.

person of another' and . . . thus qualifies as a violent felony for the purposes of the ACCA."); *United States v. Koenig*, 410 F. App'x 971, 973 (7th Cir. 2010) (same). Defendant's attempts to distinguish these cases rely largely on his broad interpretation of the phrase "to do violence," and for the reasons discussed above, we find them unpersuasive. (*See* Appellant's Br. 33–35.) And although these cases addressed later versions of Florida's aggravated assault statute, the statutes at issue use the same language as the statute in effect when Defendant committed the offense. Defendant's prior convictions for aggravated assault and assault with intent to commit murder required a threat "to do violence." A threat "to do violence" necessarily involves "threatened use of physical force against the person of another." Therefore, Defendant's prior convictions for aggravated assault and assault with intent to commit murder qualify as violent felonies under the ACCA's "use-of-physical-force" clause.

<u>CONCLUSION</u>

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.