Tom Guyton, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

## Opinion Filed October 28, 1920.

1. Evidence of threats by the accused against the class of persons or race to which the deceased belonged are admissible in evidence against the accused upon a trial in which he is charged with the murder of a member of such class or race.

2. Evidence of a physician who examined the body of deceased, stating that his skin was "yellow," with evidence of another witness described as "colored," who was before the jury and who testified that deceased was her father and lived with her, is sufficient proof that the deceased was a negro to render admissible evidence of an alleged threat by plaintiff in error that he was going to "kill me a damn nigger and pay for him."

3. A physician who examined the body of deceased testified that his death resulted from a gun shot wound; that the bullet entered the "left chest" of deceased, passing through his body, "penetrating or cutting part of the heart and the lower part of the lung," causing his death. Another witness testified that plaintiff in error admitted that "he (plaintiff in error) took his gun and killed him (deceased.)" *Held*: that this is sufficient proof of the *corpus delicti* to sustain a verdict of guilty of manslaughter.

A Writ of Error to the Criminal Court of Record for Duval County; J. M. Peeler, Judge.

Judgment affirmed.

*A. G. Hartridge* and *R. E. Stillman*, for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WEST, J.—Plaintiff in error was indicted upon a charge of murder in the second degree. He was tried and convicted of manslaughter. Motion for new trial was made and denied and sentence to a term of three years at hard labor in the State prison was imposed. From this judgment writ of error was taken.

The first and second assignments of error are considered together. They question the soundness of rulings of the court admitting on behalf of the State and refusing to strike upon motion evidence of alleged threats of plaintiff in error.

A State witness testified that on Sunday before the Friday upon which the homicide occurred she heard plaintiff in error make the following statement: "I heard Guyton call his wife by name; he said, Rosa. She said, What is it dear. She was back in the yard, he was near the gate. When he come near there he stopped the saw; he seen me. He said, Rosa. She said, What is it dear. He said, I got me two barrels of money, and I am going to kill me a dam nigger and pay for him. She said, No darling, I wouldn't do that. He said, Yes I will, that's why I bought this G. D. gun." This evidence was objected to upon the ground that it was immaterial and irrelevant. We think the evidence was material and relevant. In Dixon v. State, 13 Fla. 636, this court held that the deceased being a policeman, it was competent to give in evidence on the trial for murder of the accused threats of violence made by him shortly before the killing against "policemen," though not particularly against the person killed. The theory upon which such evidence is

held admissible is that it tends to show the animus or malice of the accused.

It is held generally that evidence of threats by the accused against the class of persons or race to which the deceased belonged are admissible in evidence against the accused upon a trial in which he is charged with the murder of a member of such class or race. Wharton's Crim. Ev. (10 ed.) §909, p. 1704; Underhill on Crim. Ev. (2 ed.) §328, p. 576; 6 Enc. of Ev. p. 643; Miller v. State, 31 Tex. Crim. Rep. 609, 21 S. W. Rep. 925; People v. Coughlin, 13 Utah 58, 44 Pac. Rep. 94; Anderson v. State, 15 Tex. Ct. of App. Rep. 447; Mathis v. State, 34 Tex. Crim. Rep. 39, 27 S. W. Rep. 817; State v. Gallenhugh, 89 Minn. 212, 94 N. W. Rep. 723; Harris v. State, 109 Ga. 280, 34 S. E. Rep. 583.

It is insisted here that it was not proved that the deceased was a negro and that therefore the foregoing rule does not apply.

The physician who examined the body of the deceased in describing him stated that his skin was "yellow." A witness described as "colored" testified that the deceased was her father and lived with her. This witness was before the jury. We assume that she was a negro. That the deceased was her father and lived with her was some evidence that he was a negro, sufficient to render admissible evidence of the alleged threat of plaintiff in error that he was going to "kill me a damn nigger and pay for him." There was therefore no error in allowing this evidence to go to the jury.

The only other question presented is the alleged insufficiency of the evidence to support the verdict. Upon this branch of the case it is urged that the *corpus delicti* was not proved.

The physician who examined the body of deceased testified that his death resulted from a gun shot wound. According to his evidence the bullet entered the "left chest" of deceased, passed through his body "penetrating or cutting part of the heart and the lower part of the lung," causing his death. Another witness testified that plaintiff in error admitted that "he (plaintiff in error, took his gun and killed him (deceased)." This is sufficient proof of the *corpus delicti* to go to the jury. There is other evidence tending to prove the fact of the killing by the plaintiff in error. The evidence is ample to support the verdict of manslaughter.

Finding no reversible error in the record, the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.