BUD WILLIAMSON, *Plaintiff in Error*, v. STATE OF FLOR-IDA, *Defendant in Error*.

Division B.

Opinion Filed December 14, 1926.

Petition for Rehearing denied January 12, 1927.

1. From a consideration of the entire record we find that the evidence, though to some extent circumstantial, was sufficient to constitute the basis of such a verdict as was returned by the jury and that no reversible error appears to have occurred in the progress of the trial and the conviction.

Affirmed.

A Writ of Error to the Circuit Court for Okaloosa County; A. G. Campbell, Judge.

*T. R. James* and *McGeachy & Bryan*, for Plaintiff in Error;

*J. B. Johnson*, Attorney General, and *Roy Campbell*, Assistant Attorney General, for Defendant in Error.

BUFORD, J.—Plaintiff in Error was charged by indictment in three counts with murder in the first degree. He was convicted of murder in the second degree under count 3 of the indictment, which was as follows:

"And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present, that Bud Williamson, alias some other name to the grand jurors unknown, late of the County of Okaloosa and State of Florida, on the 14th day of March, in the year of our Lord, One Thousand Nine Hundred and Twenty-six, at and in the County of Okaloosa and State of Florida, in the Circuit and State aforesaid, did unlawfully, feloniously, wilfully, of his malice aforethought, and from a premeditated design to effect the death of one T. R. McCormic, then and there being, make an assault upon the said T. R. McCormic, and in some way and manner and by some means, instruments and weapons to the Grand Jurors unknown, did then and there unlawfully, feloniously, wilfully, of his malice aforethought, and from a premeditated design to effect the death of the said T. R. McCormic, inflict on and create in the said T. R. McCormic, certain mortal injuries and a mortal sickness, a further description whereof is to the grand jurors unknown, of which mortal injuries and sickness to the jurors unknown, the said T. R. McCormic, then and there, in the County of Okaloosa and State of Florida, died. And so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said Bud Williamson, alias some other name to the grand jurors unknown, unlawfully, feloniously, wilfully, of his malice aforethought, and from a premeditated design to effect the death of the said T. R. McCormic, him, the said T. R. McCormic, did kill and murder, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."

There are eight assignments of error. Assignment No. 2 was abandoned. The remaining assignments were as follows:

"1. The court erred in denying the motion of the defendant moving the court for a new trial.

3. The court erred in overruling the defendant's objection to the following question propounded by State Attorney to the witness, Dr. E. Porter Webb, the question and answer following:

Q. From the age and size of the man you found dead and from the physical marks you found on him and the condition you have recited inside of his head, would you state if he had been struck with a stick the size of that one by a man the size of this defendant, sitting back of Mr. McGeachy here, would you state whether or not that caused his death?

Mr. McGEACHY: Object, if the Court please. We object to the question because it does not sufficiently cover the facts as submitted before the jury. 2. It is irrelevant, immaterial and incompetent. 3. Because a proper predicate has not been laid.

A. Yes, with your hand holding the smaller end and a man the size of the gentleman there using it with force it would produce the injuries we found, reversing it from this end I doubt if it would do it.

4. The court erred in sustaining the objection of the State Attorney to the following proffer to prove by witness Mrs. Emma Armstrong;

Mr. McGEACHY: At this time I proffer to prove that this witness would testify, if permitted to testify, that Mr. McCormic came to her house and asked her husband what was wrong with him and he told him that it was heart trouble and Mr. McCormic in turn told him he was suffering from heart trouble himself and that he recommended a certain kind of pills, I believe it was a certain kind of strychnine for his heart and that he said he was suffering from heart trouble.

To which proffer the State Attorney objected and the court thereupon sustained the objection.

5. The court erred in sustaining the objection of the State Attorney to the following proffer, by witness E. E. Helverston, a witness for the defendant.

Mr. McGEACHY: I again proffer to prove by this witness that he had a conversation with Mr. McCormic and that Mr. McCormic stated to him with reference to some of his family who were sick recommending strychnine, said that he had heart trouble and was taking that kind of tablets and it was good for him.

Mr. BEALL: We object to the proffer.

COURT: The objection will be sustained.

6. The court erred in sustaining the objection of the State Attorney to the following question propounded to the witness, Dr. Rufus Thames.

Mr. McGEACHY: Doctor, a man could not die immediately that way without heart trouble, could he?

A. Well, he might get a lick that would kill him, but if he did I imagine that he would die right then. I do not think that the licks that we found or bruises on the head were sufficient licks as would produce death in my opinion, to a man of normal condition.

Mr. BEALL: We object, if the Court please. The question should be not to a man in normal condition but to a man in the condition of the deceased.

COURT: I think you will have to confine yourselves to condition of this particular man. The objection will be sustained. The objection is, as I understand, to your propounded hypothetical question, using the medical term, to a kind of heart when there has been no evidence here that this man had that kind of heart.

7. The court erred in charging the jury as follows of his own motion:

"In this case the evidence with reference to the cause of the death of the deceased is partially circumstantial, and the court charges you that if you believe beyond a reasonable doubt, that the deceased died as a result of injuries unlawfully inflicted by the defendant upon him, in the manner and by the means charged in one of the three counts of the indictment, whether the evidence with reference to the cause of his death is direct and positive or circumstantial, it will be your duty to find the defendant guilty; but in order to convict the defendant on circumstantial evidence, every essential fact, or circumstance, including the cause of the death of the deceased necessary to the conclusion of guilt must be proved beyond a reasonable doubt. Such facts and circumstances must also be consistent with each other and must not only be consistent with the defendant's guilt, but must also exclude to a moral certainty, every reasonable supposition, except that of the guilt of the accused."

8. The court erred in charging the jury as follows of his own motion:

"If you should find beyond a reasonable doubt, from the evidence in this case, that the defendant unlawfully, and with intent to kill the deceased, T. R. McCormic, inflicted injuries upon the deceased in the manner and by the means as charged in either count of the indictment, and that at the time the deceased was suffering from some disease or malady and an attack of such malady, or disease, was brought on by such injuries, so unlawfully inflicted upon deceased by the defendant, if you find that the defendant did unlawfully and with intent to kill, inflict injuries upon the deceased, and that the deceased died from such attack brought on by such injuries so inflicted, then the defendant would be guilty of the death of the deceased, even though the injuries may not have

caused death if he had not been suffering from such disease or malady.''

The motion for new trial was on seven grounds as follows:

1. The verdict of the jury is contrary to the law.

2. The verdict of the jury is contrary to the charge of the court.

3. The verdict of the jury is contrary to the evidence.

4. The verdict of the jury is not sustained by the evidence.

5. The court erred in refusing to give the affirmative charge requested by the defendant, designed as charge ''A.''

6. The court erred in giving the following charge:

''In this case the evidence with reference to the cause of the death of the deceased is partially circumstantial, and the court charges you that if you believe beyond a reasonable doubt that the deceased died as a result of injuries unlawfully inflicted by the defendant upon him, in the manner and by the means charged in one of the three counts of the indictment, whether the evidence with reference to the cause of his death is direct and positive or circumstantial, it will be your duty to find the defendant guilty; but in order to convict the defendant on circumstantial evidence, every essential fact, or circumstance, including the cause of the death of the deceased necessary to the conclusion of guilt must be proved beyond a reasonable doubt. Such facts and circumstances must also be consistent with each other, and must not only be consistent with the defendant's guilt, but must also exclude to a moral certainty, every reasonable supposition, except that of the guilt of the accused.''

7. The court erred in charging the jury as follows:

"If you should find beyond a reasonable doubt from the evidence in this case that the defendant unlawfully, and with intent to kill the deceased, T. R. McCormic, inflicted injuries upon the deceased in the manner and by the means, as charged in either count of the indictment, and that at the time the deceased was suffering from some disease or malady and an attack of such malady, or disease, was brought on by such injuries so unlawfully inflicted upon deceased by the defendant, if you find that the defendant did unlawfully and with intent to kill, inflict injuries upon the deceased, and that the deceased died from such attack brought on by such injuries so inflicted then the defendant would be guilty of the death of the deceased, even though the injuries may not have caused death if he had not been suffering from such disease or malady."

There is substantial evidence in the record to show that the accused, while under the influence of intoxicating liquor, recklessly drove his car into a fence and there met McCormic. The accused was about 28 years old and McCormic about 70 years old; that the accused, without provocation, cursed the old man and threatened to kill him and that while so abusing and threatening the old man, he, the accused, started to get out of his car, going toward the old man; that the old man stood his ground and struck the accused with a walking stick; that the accused took the stick away from the old man and thus, having him disarmed, he struck him viciously on the head, hit him with his fist and kicked him in the stomach. While this was going on McCormic got out his knife and stabbed the accused; that McCormic walked away some distance and returned and fell dead; that death resulted from the blows inflicted by the accused.

Murder in the Second Degree is the unlawful killing of a human being when perpetrated by an act imminently

dangerous to another and evidencing a depraved mind regardless of human life, although without a premeditated design to effect the death of any particular individual. The jury was certainly warranted in finding that the killing was that of a human being and was unlawful; in further finding that it was perpetrated by an act imminently dangerous to the person assaulted and that that act, to-wit, the striking of an old man over the head with a walking stick and kicking him in the stomach when perpetrated by a man in the bloom of youth and strength evidenced a depraved mind regardless of human life and even if there was not a premeditated design to effect the death of any particular individual. This being true, the evidence supported a verdict of Murder in the Second Degree and thus the First Assignment of Error, in so far as the same applies to the 1st to 5th grounds, inclusive, of the Motion for a New Trial may be disposed of.

The 3rd and 6th Assignments of Error are addressed to the court's ruling on exception taken to questions propounded to Dr. Webb and Dr. Thomas. We hold on the authority of the opinion in the case of Clemons v. State, 48 Fla. 9, 37 Sou. 647, and Taylor v. State, 49 Fla. 69, 38 Sou. 380, that the record shows no reversible error in this regard.

The 4th and 5th Assignments of Error are addressed to the action of the court in sustaining the objection of the State to certain questions propounded to two witnesses, each of which questions sought to elicit from the witness that McCormic, the deceased, had at some time discussed with the witness the fact that he was taking strychnine for heart trouble, or proposed to take strychnine for heart trouble. The questions as put were vague, indefinite and irrelevant and the objections were properly sustained.

The 7th and 8th Assignments of Error are addressed to

the propriety of the Court's charges to the Jury. We find nothing in that portion of the charge complained of which, when taken with the entire charge given by the Court, should either confuse or mislead the Jury. Perhaps other language might have been chosen to express the same principles of law, but the language which was used was such as could be clearly understood and was not such as to be prejudicial to the defendant and no reversible error appears to have occurred in the giving of the part of the charge complained of. Smith v. State, 74 Fla., 44; 76 South. 234. From a consideration of the entire record we find that the evidence, though to some extent circumstantial, was sufficient to constitute the basis of such a verdict as was returned by the Jury and that no reversible error appears to have occurred in the progress of the trial and the conviction. The judgment is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.