PER CURIAM.
The defendant in a personal injury action suffered a verdict and judgment in the amount of $45,000 in the trial court. Upon this appeal he presents two points: (1) the court erred in failing to direct a verdict for the defendant, and (2) the court erred in giving an instruction upon the doctrine of last clear chance.
Appellant’s argument as to the sufficiency of the evidence hinges upon his contention that the testimony of an expert witness presented by the plaintiff was improperly admitted over objection. We are inclined to the view that the testimony of the expert was incompetent in that it amounted to a conclusion for which sufficient predicate was not set forth. Myers v. Korbly, Fla.App. 1958, 103 So.2d 215. But a review of the record reveals that there was sufficient evidence to require the case to go to the jury even if the expert testimony had been excluded. The appellant did not present a point or argue an assignment directed to the denial of its-motion for a new trial upon the ground of improperly admitted expert testimony.
The appellant further argues that the trial court improperly gave plaintiff’s requested instruction upon the doctrine of last clear chance. In this case the giving of the instruction was proper because the evidence as presented to the jury was susceptible of a determination which could make the doctrine applicable. James v. Keene, Fla.1961, 133 So.2d 297; Huff v. Belcastro, Fla.App.1961, 127 So.2d 476; Radtke v. Loud, Fla.App.1957, 98 So.2d 891.
Affirmed.