CROSS, Judge.
Appellant-defendant, Herbert Wallace Wilson, was charged by information with robbery, tried by a jpry, convicted, adjudged guilty, and sentenced to life imprisonment by the trial court. Defendant appeals. We reverse.
On June 18, 1970, a store and several customers were robbed at gunpoint. The robber fled on foot. Within minutes a suspect was apprehended by police and later identified at the police station by the victims as the robber.
At trial, the defendant requested the trial court to give an instruction to the jury on the offense of assault as a lesser included offense to the charge of robbery. The trial court declined to give the requested instruction. The jury returned a verdict of guilty as to the offense of robbery. The defendant was then adjudged guilty and sentenced by the trial court. This appeal followed.
Defendant presents two points on appeal for our determination: (1) whether the in-court identification of defendant was so “tainted” by a previous out-of-court identification procedure that it should have been inadmissible, and (2) whether the trial court erred in refusing to give a jury instruction on assault as a lesser included offense to the charge of robbery.
Defendant’s first point may quickly be disposed of. Florida law is clear that where an in-court identification has a source completely independent of the questioned “line-up” or other identification confrontation, the admission of the identification testimony is proper. Anderson v. State, Fla.App.1968, 215 So.2d 618. In the instant case, the record reflects that the identification testimony was based upon close observation of defendant by the witnesses during the several minut s defendant was in the store, independent of the witnesses’ rather brief look at defendant at the police station. No error therefore was committed in admitting the identification testimony.
Defendant’s remaining point, that the trial court erred in failing to instruct the jury on the offense of assault is more troublesome. Florida courts have long agonized over the problem of lesser included offenses, and much uncertainty exists in the area. The Florida Supreme Court in Brown v. State, Fla.1968, 206 So.2d 377, set forth four categories or situations in which the problem of whether to instruct a jury on lesser included offenses arises:
“(1) Crimes divisible into degrees.
(2) Attempts to commit offenses.
(3) Offenses necessarily included in the offense charged.
*413 (4)Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.” (Emphasis in the original.)
It is evident that the instant appeal is concerned only with the fourth category set forth in Brown, inasmuch as the only offense necessarily included in the offense of robbery is that of larceny. Fla.Std. Jury Instr’n In Crim. Cases 2.0)5. In this fourth category, in order to determine whether an instruction on the lesser offense should be given, the trial court must examine the information to determine whether it alleges all the elements of the lesser offense even though such lesser offense is not an essential ingredient of the offense charged. If the accusation is present, then the trial court must determine from the evidence whether it supports the allegation of the lesser offense. If the al-legata and probata are present, there should be a charge on the lesser offense. Brown v. State, supra at 383.
Simple or bare assault is generally defined as an intentional, unlawful threat by word or act to do violence to the person of another coupled with an apparent ability to do so, and doing some act which creates a well founded fear of such violence being done. Fla.Std.Jury Instr’n In Crim.Cases 2.05. See also McCullers v. State, Fla.App.1968, 206 So.2d 30.
In the case sub judice, the information alleged that defendant did “by force, violence or putting [the victims] in fear” perpetrate the robbery. This language would appear to sufficiently comprehend within it the crime of assault. See Anderson v. State, Fla.App.1971, 255 So.2d 550.
The evidence also clearly shows that defendant robbed the victims in the store while holding and displaying a pistol, that the pistol was operational and that the pistol contained bullets. It was likewise shown that defendant, armed with the pistol, forceably took money from the cash register in the store and from several customers in the store. It can be seen, therefore, that the evidence supports the allegation contained in the information; thus a charge based upon simple assault should have been given.
We must now determine whether the error in refusing to give the requested instruction was harmless or whether it is reversible error. What we are here concerned with is the request that the trial court instruct the jury on a lesser included offense, not a necessarily included offense. The trial court instructed the jury on the offenses of both grand larceny, a felony of the third degree,[1] and petit larceny, a misdemeanor of the second degree,[2] which are lesser offenses than robbery, a felony of the first degree, punishable by imprisonment for life or any lesser term of years in the state prison.[3] Failure to instruct the jury on degrees of larceny, a necessarily included offense, would of course have been error. Brown v. State, supra; but see DeLaine v. State, Fla. 1972, 262 So.2d 655.
Assault, however, is an offense quite distinct from that of larceny. For example, larceny occurs when the taking of another’s property is accomplished without force, violence, assault or putting the party in fear. Fla.Std.Jury Instr’n In Crim.Cas-es 2.06. But assault, as indicated above, requires those elements of force, violence or putting the victims in fear. Because of the material difference in the nature of the *414 evidence needed to sustain a conviction for the crimes of larceny and assault, the failure to instruct the jury on assault is reversible error.
In determining the error committed by the' trial judge to be reversible error, we have not overlooked the recent pronouncement of the Florida Supreme Court in DeLaine v. State, supra. The DeLaine case, however, is distinguishable, for in that case the Florida Supreme Court was concerned with necessarily included offenses on which a charge on one of the lesser necessarily included offenses had been given, but not others. In the case sub judice, no instructions whatsoever had been given upon the “sideline” or “collateral” offense of assault. Therefore, the complete absence of any charge on this offense is clearly reversible error.
We have not overlooked Florida Statute § 924.33 (1969), F.S.A., our harmless error statute, which provides in essence that no judgment shall be reversed unless it appears that the error committed injuriously affected the substantial rights of the appellant. The statute also states that it shall not be presumed that error injuriously affected any substantial rights of the appellant.
However, where a trial is by jury, it is extremely difficult fot an appellate court to determine whether the failure of the trial judge to give the requested instruction resulted in injury to the substantial rights of the defendant. Therefore, we feel that the cause should be remanded for a new trial, with appropriate instructions given. We note that charges on aggravated assault and assault and battery are also appropriate for this particular case.
Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
WALDEN, J., concurs.
REED, C. J., dissents, with opinion.

. Fla.Stat. § 811.021(2) (1969), F.S.A., as amended by Fla.Laws 1971, ch. 71-136, § 805.

. Fla.Stat. § 811.021(3) (1969), F.S.A., as amended by Fla.Laws 1971, cb. 71-136, § 805.

.Fla.Stat. § 813.011 (1969), F.S.A., as amended by Fla.Laws 1971, ch. 71-136, § 839.