276 So.2d 45 (1973)
STATE of Florida, Petitioner,
v.
Herbert Wallace WILSON, Respondent.
No. 42862.
Supreme Court of Florida.
April 11, 1973.
*46 Robert L. Shevin, Atty. Gen., and Nelson E. Bailey, Asst. Atty. Gen., for petitioner.
Charles W. Musgrove, and Richard L. Jorandby, Public Defenders, and Edward H. Fine, Asst.Public Defender, for respondent.
BOYD, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Fourth District, reported at 265 So.2d 411. Our jurisdiction is based upon conflict between the decision sought to be reviewed and Delaine v. State[1] and Brown v. State.[2]
On June 18, 1970, a store and several customers in the store were robbed at gunpoint. The defendant, Herbert W. Wilson, was apprehended by the police shortly after the robbery and later identified in a lineup at the police station as being the robber. At trial, Wilson was convicted by a jury of three counts of robbery, adjudged guilty, and sentenced to life imprisonment on each count.
Wilson requested that the jury be instructed on the offense of assault as a lesser included offense of the charge of robbery. The trial court declined to give the requested instruction but did instruct the jury on the offense of robbery, grand larceny and petit larceny.
An appeal to the District Court of Appeal, Fourth District, resulted in a 2-1 reversal. The District Court, relying upon Brown v. State[3] found that aggravated assault, assault and battery and assault are lesser included offenses within the category of:
"Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence."[4] (Emphasis theirs)
The District Court then concluded that in the case sub judice it was reversible error not to instruct the jury as to assault.
As stated by the District Court, the test for determining whether assault, aggravated assault and assault and battery are included in the category above is as follows:[5]
"[I]n order to determine whether an instruction on the lesser offense should be given, the trial court must examine the information to determine whether it alleges all the elements of the lesser offense even though such lesser offense is not an essential ingredient of the offense charged. If the accusation is present, then the trial court must determine from the evidence whether it supports the allegation of the lesser offense. If the allegata and probata are present, there should be a charge on the lesser offense." (Emphasis theirs)
The information here alleged that the defendant "did, by force, violence or putting Pearl Snyder in fear, feloniously rob, steal and take away" certain personal property. Simple assault, as pointed out in the District Court's decision, is defined as "an intentional, unlawful threat by word or act to do violence to the person of another coupled with an apparent ability to do so, and doing some act which creates a well founded fear of such violence being done."[6] The language in the information appears to be sufficient to fall within this definition of assault. The information however, is not sufficient as regards the offenses of aggravated assault (no allegation of assault with a deadly weapon) and assault and battery (no allegation of battery).
*47 Turning to the evidence, it is apparent that defendant held and displayed an operational pistol on the victims in such a manner as to threaten the victims with violence to their person. Thus, both the information and evidence support the finding of the District Court that assault was an offense which may be included in the offense charged and a charge based on simple assault should have been given. Because the information is not sufficient and because no instruction was requested as regards the offenses of aggravated assault and assault and battery, the District Court's holding as to these offenses was in error.
This determination, however, does not dispose of the case. As pointed out in Delaine v. State:[7]
"[W]e have not foreclosed, under appropriate circumstances, the invocation of Fla. Stat. § 924.33, F.S.A., which reads:
`No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.'"
We must, therefore, determine whether this error is harmless or reversible error. While the District Court states that it has not overlooked § 924.33, in deciding that the failure to instruct as to assault was reversible error, the District Court failed to reach its decision "after an examination of all the appeal papers... ." The District Court merely stated:[8]
"[W]here a trial is by jury, it is extremely difficult for an appellate court to determine whether the failure of the trial court to give the requested instruction resulted in injury to the substantial rights of the defendant. Therefore, we feel that the cause should be remanded for a new trial, with appropriate instructions given."
While it may be difficult to determine if an error is injurious in a given case, that is what is required by § 924.33. The statute also expressly provides that it shall not be presumed that an error injuriously affected the substantial rights of an appellant. The District Court, by declining to reach its decision after an examination of all the appeals papers, not only raised such a presumption but in effect rested its decision solely upon such a presumption.
Even if there existed a presumption that an error is harmful, the record before us contains such substantial evidence in support of the jury's verdict that such a presumption would be overcome. Three of the victims in the store testified that money was taken from them by the defendant, that they witnessed the defendant take money from the others and they all positively identified the defendant in Court as the robber. One of the witnesses, the store owner, also identified the defendant in a police lineup within a few hours of the robbery. In addition, the defendant was discovered hiding in a garage closed to the robbed store, he immediately took flight and was apprehended by police officers who testified that the defendant had $54.00 in his pants pocket and $77.00 "rolled up in a tight roll, inside the waistband of his pants... ."
If there was any error, it was harmless.
Accordingly, the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
*48 ROBERTS, Acting C.J., and ERVIN and ADKINS, JJ., concur.
DREW, (Ret.), dissents with opinion.
DREW, (Ret.), Justice (dissenting).
If I could discover in this record any semblance of conflict between the District Court's decision and a decision of this or another District Court  which I am wholly unable to do  I would nevertheless agree with the decision of the District Court. I would discharge the writ as having been improvidently issued.
NOTES
[1] 262 So.2d 655 (Fla. 1972).
[2] 206 So.2d 377 (Fla. 1968).
[3] Id. at 381.
[4] Wilson v. State, 265 So.2d 411, 413 (Fla.App.4th 1972).
[5] Id. at 413.
[6] Id. at 413.
[7] 262 So.2d 655, 658 (Fla. 1972).
[8] Wilson v. State, 265 So.2d 411, 414 (Fla.App.4th 1972).