BOARDMAN, Judge.
Appellant, James William Burney, was charged by information with robbery in violation of Florida Statutes, Section 813.-011, F.S.A. He entered a plea of not guilty and was tried and found guilty by a jury of the offense. He was sentenced for a period of his natural life in the state penitentiary.
Subsequently, notice of appeal was filed to this court to review the judgment and sentence, appellant being represented by the public defender who has filed a brief in this court in his behalf. After reviewing the facts contained in the record, the public defender states in his brief that he “. . . has carefully examined the record on appeal and can find nothing which could arguably support an appeal. .” Whereupon, he requested to be relieved as attorney of record for appellant under the rationale of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
The record shows that the public defender, on October 19, 1972, served a copy of the record on this appeal upon appellant by certified mail. The record likewise shows that the public defender served upon the appellant on October 19, 1972, a copy of appellant’s brief filed herein. Further, the record discloses that the clerk of this court, on January 26, 1973, caused to be mailed to appellant an order advising him that within 30 days, if he so desired, he could file a brief with this court submitting any matter that he deemed advisable in connection with this appeal. To date we have not received either a brief or response in any form from the appellant.
Appellee, the State of Florida, through an assistant attorney general, filed its brief herein. Appellee agrees with counsel for appellant that there are no grounds upon which an appeal might be based.
We have read the case of Wilson v. State, Fla.App.1972, 265 So.2d 411, cited in the brief of appellee, and believe it to be distinguishable on facts. In the cited case the defendant requested the trial court to give an instruction to the jury on a lesser included offense to robbery. In the case sub judice, the privately retained counsel, who represented the appellant at trial, did not request such a charge. The record shows the trial judge, after giving the court’s instruction, inquired of appellant’s counsel if there were any additional instructions and he replied in the negative. Absent a request for a lesser included offense instruction, the trial court is not required to give such an instruction. See Brown v. State, Fla.1968, 206 So.2d 377.
*521 The evidence presented at trial was more than sufficient for the jury to find the appellant guilty as charged beyond any reasonable doubt.
We have carefully examined the entire record and find nothing therein constituting reversible error and, therefore, the judgment and sentence appealed is hereby
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.