JOHNSON, Judge.
This is an appeal from judgments pursuant to jury verdicts of guilty. We are *822 confronted with, at first blush, what appears to be conflicting sections of Florida Statutes, and the interpretations thereof by the Supreme Court of Florida.
, In Brown v. State, 206 So.2d 377 (1968), the Supreme Court of Florida, speaking through Justice Thornal, said, inter alia:
“Necessarily included offenses should always be covered by an instruction, even though the trial judge is satisfied that the major crime charged has also been proved. If the evidence is sufficient to go to the jury on the major crime then the necessarily included offense instruction should be given.”
The Brown decision, supra, has been affirmed by the Supreme Court in State v. Washington, 268 So.2d 901, wherein it is said that the giving of the instructions on necessarily included offenses was “mandatory”. In Brown the defendant had requested an instruction on the lesser included offenses which was denied. The District Court of Appeal, First District, had affirmed the conviction. On certiorari, the Supreme Court of Florida had quashed this Court’s opinion and reversed the conviction because of the failure of the trial court to instruct on the lesser included offenses, although F.S. 918.10, F.S.A., was not complied with by the defendant.
In Washington, supra, the defendant requested that the lesser included offenses not be included in the instructions, which was denied. On appeal to this Court, this Court reversed, but on certiorari, the Supreme Court of Florida, said the trial court was correct in so charging the jury and quashed this Court’s opinion.
In Smith v. State, Fla.App., 259 So.2d 498, this Court held that the trial court was right when he did instruct the jury on the lesser included offenses, although the defendant had objected thereto, citing Brown supra, in support.
In DeLaine v. State, 262 So.2d 655, (Fla.1972), the Supreme Court said that the failure by the trial court to give the requested instruction on the lesser included offenses was error, but, on the facts of the case, was not prejudicial to the defendants. This appears to be in conflict with Brown, Washington and Smith cases, which in effect held that the statute (since repealed) compelled the giving of the instruction on the lesser included offenses; but since DeLaine, supra, which was in fact published prior to Washington supra, the Supreme Court in Rayner v. State, 273 So.2d 759 (Fla.1972), quashed the opinion of the Second District Court of Appeal which had held that the defendant could waive the giving of the instructions, reaffirming Washington supra, in support of this opinion; but in a footnote to the Rayner case, the court pointed out that the appellate court might wish to consider the applicability of Fla.Stat. § 918.10(4), F.S.A., and/or F.A.R. 6.7(g), 32 F.S.A. The most recent pronouncement of the Supreme Court of Florida was in State v. Wilson, 276 So.2d 45 filed April 11, 1973 (time for rehearing not expired) wherein it appears that the appellate court could and should take into consideration all appeal papers and if there is substantial evidence in support of the jury’s verdict, any presumption that an error was committed by failure to instruct on the lesser included offenses was harmful, is overcome.
In the case sub judice, it appears to us that in view of the fact that the defendants did not object, but in fact agreed, to not giving of the lesser included offenses, and in view of the substantial amount of evidence in support of the jury’s verdict, we fail to find any prejudice to the defendants, and therefore under authority of Florida Statutes § 924.33, F.S.A., and the cases cited supra, the sentences and judgments appealed are affirmed.
SPECTOR, C. J„ and RAWLS, J., concur.