289 So.2d 447 (1974)
Robert PHILLIPS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 73-455.
District Court of Appeal of Florida, Second District.
February 8, 1974.
Tobey C. Hockett of Hockett, Silver, Spalding, Lewis & Levkoff, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, John Blair, State's Atty., and Richard W. Seymour, Asst. State Atty., Sarasota, for appellee.
GRIMES, Judge.
The appellant was charged with second degree murder of Harold Kneeland. Prior *448 to trial, he was examined by two psychiatrists, both of whom found him competent to stand trial. Thereafter, with advice of counsel, the defendant entered a negotiated plea of guilty to the reduced charge of manslaughter and was sentenced to a term of imprisonment for six months to five years.
Six months later, appellant, having obtained new counsel, filed a motion to set aside sentence, or in the alternative, petition for writ of coram nobis. This is an appeal from the denial of appellant's motion/petition.
The facts precipitating the appellant's incarceration must be gleaned from the testimony taken at the hearing upon his petition together with certain pre-trial depositions. On the night of January 14, 1972, the appellant rang the doorbell of the apartment of Mr. and Mrs. Kneeland. Upon the door being opened, appellant said, "Please help me. I'm cold," pushed the Kneelands back and slid to the floor. Mrs. Kneeland went to get a blanket. The appellant jumped up and began to run through the apartment shouting obscenities. He was flailing his hands and knocking things over. He shoved Mr. Kneeland and started scuffling with him. The Kneelands' dog started for the appellant but was repulsed by a strong kick. Appellant then went onto the porch, broke through a screen and was teetering over the railing of the ninth floor apartment. Mrs. Kneeland pulled him back to safety. Mr. Kneeland told his wife to call the police.
At this point, Mr. Kneeland pointed an unloaded gun at the appellant. Mrs. Kneeland implored her husband not to shoot him. Thereupon, the appellant knocked the gun out of Mr. Kneeland's hand. Appellant then grabbed Mrs. Kneeland around the neck and threw her down. Appellant then struggled with Mrs. Kneeland on the floor and had his hands around her neck. Mr. Kneeland was attempting to pull appellant away from his wife when he collapsed into a chair. Mrs. Kneeland and the appellant both ran outside the apartment. Mrs. Kneeland screamed for help, and the appellant collapsed on an adjacent walkway. Upon her return to the apartment, Mrs. Kneeland was unable to feel her husband's pulse beat. He was rushed to the hospital but was pronounced dead on arrival.
The evidence reflects that the appellant was under the influence of the hallucinogenic drug LSD during his foray in the Kneelands' apartment. Mr. Kneeland received no demonstrable physical injuries at the hands of the appellant except a laceration on his nose. Mr. Kneeland was 62 years of age and had a chronic heart condition. The immediate cause of his death was heart failure. A doctor testified that it was reasonable to assume that his heart attack was precipitated by the excitement incident to the altercation with the appellant.
Appellant's petition for coram nobis was without merit because of the failure to show any substantial newly discovered evidence. However, the appellant strongly urges that the judge should have permitted him to withdraw his plea of guilty because the record clearly reflects that he committed no homicide. His argument is predicated upon the case of Tipton v. State, Fla. 1957, 97 So.2d 277.
In Tipton, the defendants were convicted of manslaughter for having caused the death of a filling station operator. Following the purchase of gasoline, the deceased refused to cash one of the defendants' checks. An argument ensued. The defendants pushed, but did not hit, the deceased; whereupon, he fell to the floor and died of an apparent heart attack.
The Supreme Court held that the trial judge should have granted the defendants' motion for a directed verdict. For purposes of argument, the court accepted the causal connection between the "pushing" and the decedent's death. Further, the court acknowledged that one could be found guilty of manslaughter even where it could not reasonably have occurred to *449 him or did not occur to him that death would be a probable result of his actions. Nevertheless, the court said that our law requires the punishment to be proportionate to the act being punished. The court appears to have felt that the action of the defendants was not of such a violent nature as to form the basis for a conviction of manslaughter.
In essence, the appellant argues that had he been properly advised by his attorney concerning the import of Tipton, he would not have pled guilty. He cites us to Hill v. State, Fla.App.2d, 1959, 110 So.2d 464, in which this court said:
"... The law inclines definitely to trial on the merits; the decision in each case must depend on the particular attending facts; and a withdrawal of a plea of guilty shall not be refused where it is in the least evident that the ends of justice will be subserved by allowing a plea of not guilty to be entered in the place of a guilty plea. Eckles v. State, 1938, 132 Fla. 526, 180 So. 764."
We have no hesitancy in reaffirming the principles of Hill v. State, supra. If we were convinced that the appellant had not committed manslaughter, we would be hard put to refuse to allow him to withdraw his plea. But, we cannot say that the appellant could not have been convicted upon the facts reflected by this record. The issue of causation would have been a jury question. Moreover, the appellant's conduct was greater in degree than that of the defendants in Tipton. He not only pushed and struggled with Mr. Kneeland; he also knocked his wife down and started choking her. These assaults, coupled with a protracted episode of otherwise bizarre conduct on the part of a total stranger, were bound to have a traumatic effect upon Mr. Kneeland. In fact, appellant's conduct could be said to more nearly resemble that of the defendant in Williamson v. State, 1927, 92 Fla. 1094, 111 So. 245, wherein the Supreme Court affirmed a conviction for second degree murder.
Since there was a basis upon which the appellant could have been convicted, we cannot say the judge erred in refusing to permit the appellant to withdraw his guilty plea. It should be remembered that appellant's plea was the result of negotiations whereby the charges against him were reduced, and he received a sentence of six months to five years. Regardless of the implications of Tipton v. State, supra, the appellant may have been well advised to avoid the gamble of receiving a sentence which could have run as high as thirty years.
The order is affirmed.
McNULTY, A.C.J., and BOARDMAN, J., concur.