314 So.2d 248 (1975)
Willie JOHNSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. U-394.
District Court of Appeal of Florida, First District.
June 12, 1975.
*249 Louis O. Frost, Jr., Public Defender, and James O. Brechner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
BOYER, Acting Chief Judge.
Appellant, defendant below, was charged with and convicted of second degree murder and was sentenced to life imprisonment. He now challenges by direct appeal that judgment and sentence.
The pertinent facts are as follows: In the early evening of July 28, 1973, at approximately 6:45 p.m., a quarrel developed between the appellant and the victim at the appellant's second story room in Jacksonville. According to the appellant who is the only surviving witness to the incident, the victim came at him with a knife and cut him on the leg before the appellant was able to break the blade off the knife; whereupon, he claims, he stabbed the victim several times with the knife blade. The victim, who was alive at this point, somehow managed to fall out of the window *250 and come to rest in an alley. As the appellant went down the stairs to get into the alley, he told one of his friends to call the police. When the police arrived approximately 10 minutes later at 7:15 p.m.), they found the appellant, with the cut on his leg, seated at the top of the stairs in his wheelchair. As the appellant was telling the police that the victim had stabbed him first, the victim, who was lying on the floor in the next room, exclaimed, "He is lying, he is lying. That's not the way it happened. Get me to a hospital, I'm hurt." She was taken to a hospital where she died the next day as a result of the stab wounds.
At trial, the trial court allowed the investigating officer to testify as to the statements of the victim made at the scene of the killing. The State also introduced, inter alia, a photograph of the appellant's leg wounds which, although of admittedly poor quality, was not objected to by the appellant. After looking at the photograph for 10 minues, the State's medical expert stated, "to a medical certainty", that the wounds on appellant's leg had been self-inflicted. At the conclusion of the evidence and after arguments by both counsel, the trial court gave its instructions to the jury. Although requested by both counsel to do so, the trial court did not instruct the jury on murder in the third degree.
Appellant raises three points which he contends require reversal. First, he urges that the trial court erred in refusing to instruct the jury on third degree murder. The State does not question that the trial court erred in this regard. The clear language of Rule 3.490, RCrP requires that the court instruct the jury on the lesser degrees of an offense. In this situation, "it is immaterial whether the indictment specifically charges the lesser degrees or whether there is any evidence of a crime of such degree." (Brown v. State, Sup. Ct.Fla. 1968, 206 So.2d 377)
In seeking a way around this rule of law, the State presents two arguments. The State first asserts that the appellant should be estopped from objecting to the error of the lower court concerning this issue because appellant's trial counsel encouraged the trial court in its decision not to instruct the jury on third degree murder. Our reading of the record reveals that, although defense counsel expressed some doubt as to whether the instructions should be given, he, as well as the assistant state attorney, requested the trial court to give the third degree murder charge. Under these facts, it can hardly be argued that appellant should be precluded from raising the trial court's failure to give the requested charge.
The state next argues that the harmless error rule applies. (F.S. 924.33) Several decisions may be cited which apply the harmless error rule to the failure of the trial court to instruct on lesser included offenses. (See State v. Wilson, Sup.Ct. Fla. 1973, 276 So.2d 45; Cowart v. State, Fla.App. 1st 1973, 277 So.2d 821) We have been unable to discover a case where the harmless error rule was applied in a case where the trial court failed to instruct the jury as to lesser degrees of the offense charged. Inasmuch as we have found that reversal is required under another issue, we find it unnecessary to determine whether the harmless error statute is applicable. We merely note that at the appellant's new trial, the trial court must instruct the jury as to all lesser degrees of the offense charged. (Brown v. State, supra)
Appellant's second point on appeal is that the trial court erred in allowing testimony as to the statements made by the victim shortly after (within 30 minutes) the struggle. We first note that the statements are obviously hearsay and will not be considered admissible unless they can be found to fall under one of the exceptions to the hearsay rule. According to the State, the statements are admissible as spontaneous *251 exclamations or res gestae statements. The rationale for permitting testimony relating to spontaneous exclamations is that "such utterances spring spontaneously and instinctively from the stress or pain or excitement caused by the act of violence and are made so soon after the act as to preclude the idea of deliberation, fabrication or design." (4 ALR 3rd 149, 154) The applicable Florida decisions appear to adhere to the foregoing rationale and call for the admission of spontaneous exclamations where the declarations were the natural emanations or outgrowths of the act or occurrence in litigation were made closely in time with the act, were voluntary and spontaneous, illustrated and explained the act, and were made under such circumstances as necessarily to exclude the idea of design or deliberation. (Washington v. State, Sup.Ct.Fla. 1923, 86 Fla. 533, 98 So. 605) The Florida Supreme Court has recognized that the admission of statements as spontaneous exclamations depends upon the circumstances of the individual case. (State v. Williams, Sup.Ct.Fla. 1967, 198 So.2d 21)
Applying the above-mentioned factors to the case sub judice, we arrive at the conclusion that the statements were properly admissible as spontaneous exclamations. First, the declarations of the victim, particularly the statement wherein she requested hospitalization for her numerous stab wounds, logically appear as "the natural emanations or outgrowths of the act or occurrence in litigation." Second, the statements were approximately contemporaneous with the act of violence. The record reveals that the statements were made at least within 30 minutes of the incident and most probably closer to 15 minutes from the time the victim was stabbed. We here note that statements made as long as two hours after the act of violence have been admitted as spontaneous exclamations. (Appell v. State, Fla.App. 4th 1971, 250 So.2d 318) Third, the statements were made voluntarily and spontaneously. They were made not as the result of direct questioning of the victim, but were made only after the victim apparently overheard appellant state that the victim had stabbed him first. By implication, the victim's statement that the appellant was lying tended to illustrate and explain the event. Finally, the circumstances of the case belie the assertion that the statements were uttered with design or premeditation. It does not comport with logic that a person lying on the floor and bleeding from the 13 knife wounds in her body would fabricate the type of statements here objected to. Therefore, as the record establishes that the statements satisfy the criteria of the spontaneous exclamation exception to the hearsay rule, we do not find that the trial court was in error in admitting the statements into evidence.
There is yet another point which requires our consideration. At the trial a pathologist was allowed to testify over the vigorous objections of appellant's attorney that certain wounds depicted in a photograph of appellant's leg were, to "a medical certainty" self-inflicted.
The general rule is that it is the duty of the trial court to determine the qualification of an expert witness on the subject matter on which he testifies and such determination by the trial court will not be disturbed on appeal unless a clear abuse of discretion is made to appear. (Vitales Fireworks Manufacturing Co., Inc. v. Marini, Fla.App. 1st 1975, 314 So.2d 176, opinion filed May 23, 1975, and the several cases therein cited) However, the trial court's discretion is not without bounds.
When facts are within the ordinary experience of the jury, the conclusion from those facts will be left to them, and even experts will not be permitted to give conclusions in such cases. (See 13 Fla. Jur., Evidence, Sec. 311-312; Schley v. State, 1904, 48 Fla. 53, 37 So. 518; Tully v. State, 1915, 69 Fla. 662, 68 So. 934) *252 Expert opinion should be excluded where the facts testified to are the kind that do not require any special knowledge or experience in order to form a conclusion. (Mann v. State, 1887, 23 Fla. 610, 3 So. 207)
A doctor is generally allowed to testify as to the cause of death or injury and may also testify as to the number of wounds on the body as well as their nature. (13 Fla.Jur., Evidence, Sec. 324; North v. State, Sup.Ct.Fla. 1952, 65 So.2d 77, affirmed 346 U.S. 932, 74 S.Ct. 376, 98 L.Ed. 423; Guyton v. State, 1920, 80 Fla. 621, 86 So. 618; Williamson v. State, 1927, 92 Fla. 1094, 111 So. 245) However, opinion evidence by a doctor requires that the opinion be based upon facts in evidence or within his knowledge. (Cirack v. State, Sup.Ct.Fla. 1967, 201 So.2d 706) In Tongay v. State, Sup.Ct.Fla. 1955, 79 So.2d 673 the late Justice Glenn Terrell, writing for the Court, said:
"The rule is well settled that expert witnesses may be permitted to testify to facts known to them on account of their expert knowledge. This is true even though the testimony may point to an inference or the ultimate fact to be determined. Admission vel non of expert evidence depends on whether or not such evidence has to do with matters which are not those of common knowledge and will be of aid to the jury or the court. If either is true, it should be admitted even though it involve ultimate facts to be decided by the jury. It is the function of the jury to determine ultimate facts and if the expert witness should be permitted to testify to primary facts within his knowledge, he should not be permitted to venture his opinions. Eastern Transportation Line v. Hope, 95 U.S. 297, 24 L.Ed. 477; Ekblom v. G.O. Reed, Inc., 5 Cir., 71 F.2d 399; United States Smelting Co. v. Parry, 8 Cir., 166 F. 407, 410, Cropper v. Titanium Pigment Co., 8 Cir., 47 F.2d 1038, 78 A.L.R. 737." (79 So.2d 676)
The subject matter of an opinion by an expert witness must be so related to some science, profession, business or occupation as to be beyond the understanding of the average layman. (Mills v. Redwing Carriers, Inc., Fla.App. 2nd, 1961, 127 So.2d 453; Seaboard Coast Line Railroad Company v. Hill, Fla.App. 4th 1971, 250 So.2d 311)
It is axiomatic that an opinion from an expert witness should not be admitted unless a sufficient predicate has been laid therefor. (See Myers v. Korbly, Fla.App. 2nd 1958, 103 So.2d 215)
Sub judice there is no question about the qualifications of the expert witness. Indeed appellant's attorney stipulated thereto. However, the subject matter of, and the predicate for, the opinion is an entirely different matter. (Seaboard Coast Line Railroad Company v. Hill, supra; Anderson v. Downing, Fla.App. 3rd 1962, 146 So.2d 622) Here the medical expert's sole familiarity with the nature of the wounds was based on a 10 minute examination of an admittedly poor photograph of the wounds which, according to the witness' own testimony, could hardly be observed except by use of a magnifying glass and a light. The pathologist had never personally observed the wounds and, but for the short examination of the photographs by the use of a light and a magnifying glass, had never before even seen the picture thereof. Nevertheless, instead of describing the characteristics of self-inflicted wounds and allowing the jury to determine the ultimate facts based upon its examination of the photograph, the medical expert was allowed to state to "a medical certainty" that appellant's wounds were self-inflicted. The admission of that opinion was error. The evidence was crucial to defendant's defense of self defense and therefore material.
It may well have been proper for the pathologist to have been allowed to respond to a hypothetical question describing appellant's wounds, had such been a part of the *253 evidence: However, that was not the procedure followed. The admission of his opinion to "a medical certainty" without sufficient predicate was prejudicial error.
Affirmed in part and reversed in part, and remanded for a new trial.
JOHNSON, J., and DREW, E. HARRIS, Associate Judge, Retired, concur.