KAHN, C.J.
Appellant appeals his convictions of first-degree murder and robbery. A-though we agree with Appellant that the trial court erred in admitting evidence of a prior threat, we find the error harmless. Accordingly, we affirm.
Six months before the murder, Appellant, angered because he was denied free alcohol while attending a party, made a vague and undirected threat against “[people] around here.” The victim was not present at the party. The trial court, over the objection of defense counsel, allowed a witness to testify about the threat made by Appellant. The trial court admitted the testimony on the theory that Appellant directed the threat against a class of people. The trial court erred by allowing the testimony.
A defendant’s threats against a third-party are admissible when relevant to prove a material issue, as long as the probative value outweighs any undue prejudice. See Muhammad v. State, 782 So.2d 343, 358 (Fla.2001). Similar fact evidence, including a threat against a third person, will be admissible to prove motive, intent, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident. See § 90.404(2)(a), Fla. Stat. (2004); see *1104 also Robertson v. State, 829 So.2d 901, 907 (Fla.2002) (requiring the circumstances surrounding the similar fact evidence to be “strikingly similar” to the charged offense). Threats against a class of people may be admissible under section 90.404(2)(a) if they prove one of its categories. See, e.g., Guyton v. State, 80 Fla. 621, 86 So. 618 (1920) (allowing evidence of prior threat against black individuals in the prosecution of the killing of a black individual); Dixon v. State, 13 Fla. 636 (1870) (permitting introduction of prior threat against police officers in the prosecution of the killing of a police officer). Under the Williams rule, however, evidence of other wrongs is inadmissible when it is relevant solely to prove the bad character or the propensity of violence of the defendant. See Williams v. State, 110 So.2d 654, 663 (Fla.1959).
In this case, “[people] around here” does not constitute a class of people, especially when the victim was not among the group of people present. Accordingly, the admitted threat did not serve the purpose of proving motive, intent, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident. Instead, the threat simply served the purpose of painting Appellant as an individual of bad character with a propensity for violence.
Although the trial- court erroneously admitted the evidence of the prior threat, we find the error harmless. The State did not go out of its way to build a case portraying Appellant as simply a violent man prepared to threaten, and even kill, anyone who crossed him. Rather, the prior threat was offered as an isolated incident. The State, through its other evidence, satisfied the rule of State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986) (“The harmless error test, as set forth in Chapman [v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967),] and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”).
We note the following matters proven at trial: 1) Appellant was the last person seen with the victim; 2) Appellant armed himself with a shotgun before driving off with the victim; 3) the victim died of gunshot wounds made by a shotgun, matching the one possessed by Appellant, from a distance of six to twelve inches; 4) after the murder, a witness observed Appellant, alone, driving the victim’s car; 5) after the murder, Appellant gave the shotgun to a friend and stated, “I got to go, I got to get rid of that;” 6) Appellant’s clothing tested positive for the presence of gasoline, tying Appellant to the act of arson on the victim’s car. The admittance of the prior threat, although error, had no perceptible effect on the jury’s deliberations, given the circumstances of the actual crime. Accordingly, we AFFIRM the judgment and sentence.
PADOVANO and THOMAS, JJ., concur.